## McKINNEY v. SUNDBACK.

1. The test of a counterclaim is whether the defendant could have maintained an independent action on the demand as set forth in it.
2. A counterclaim must contain all the substantial averments necessary in a complaint based upon the same cause of action.
3. When there is nothing in any of the matters relied on as a counterclaim upon which a separate suit can be maintained, it must be held to be defective upon demurrer.
4. Facts must be stated which constitute a cause of action against the plaintiff, and its sufficiency must be governed by the same rules as if the defendant had brought suit against the plaintiff.

(Syllabus by the ·Court. Opinion filed June 2, 1892.)

Appeal from circuit court, Minnehaha county. Hon. FRANK R. AIKENS, Judge.

Action of claim and delivery for property on which plaintiff has a chattel mortgage. Defendant answered, setting up a counterclaim. Plaintiff demurred to counterclaim. Demurrer overruled. Plaintiff appeals from order overruling the demurrer. Reversed.

The facts are fully stated in the opinion.

*Keith & Bates,* for appellant.

A counterclaim must state facts which constitute a cause of action. Bliss, Code Pl. § 367; 1 Van Santvoord's Eq. Pr. 211; Vassear v. Livingston, 13 N. Y. 248; Allen v. Haskins, 5 Duer, 332; Kingston v. Gay, 19 Barb. 461; Spencer v. Babcock, 22 Barb. 335; Lemon v.Trull, 13 How. 248; Gleason v. Moer, 2 Duer, 642. It must tend to defeat in whole or in part the plaintiff's cause of action. Waddell v. Darling, 51 N. Y. 327; Agate v. King, 17 Abb. Pr. 159; Mattoon v. Baker, 24 How. Pr. 329; Dove v. Hayden, 5 Or. 500; Dietrich v. Cook, 35 Wis. 618; Bliss, Code Pl. § 389; Pattison v. Richards, 22 Barb. 143; Insurance Co. v. McKay, 21 N. Y. 191. The officer in the case at bar is not the proper party to maintain the counterclaim. Lawrence v. Bank, 35 N. Y. 320; Thurber v. Blanck, 50 *Id.* 80; Bigelow v. Andrew, 31 Ill. 322; Martin v. Michael, 23 Mo. 50; Weil v. Lankins, 3 Neb. 384; Tennant v. Batley, 18 Kan. 324; Greenleaf v. Mumford, 50 Barb. 543; Griffin v. Nitcher, 57 Me. 270; McMinn v. Whelon, 27 Cal. 300; Reubens v. Joll, 13 N. Y. 488; Wigginson, v. Armstrong, 2 Johns. Ch. 144. Matters set forth in a

counterclaim must be between the parties to the record. Bliss, Code Pl. § 385; Terreiva v. Depew, 4 Abb. Pr. 13; Weeks v. Prior, 27 Id. 79; Davidson v. Remington, 12 How. Pr. 310; 13 Id. 84 Spencer v. Babcock, 22 Barb. 326.

*Boyce & Boyce* and *McMartin & Carland*, for respondent.

The attachment of mortgaged property creates a lien in favor of the officer. Carly v. Fenstemaker, 14 Ohio St. 457. A mortgage only gives a lien. Everitt v. Buchanan, 2 Dak. 249; Code Civ. Proc. § 4997; Boyd v. Beaudin, 54 Wis. 193. The property must be returned, or its value, in case a return cannot be had. Code Civ. Proc. § 5099; Dwight v. Enas, 9 N. Y. 470; Fitzhugh v. Wiman, 9 N. Y. 558; Hunt v. Robinson, 11 Cal. 262. The counterclaim may be set up by either the sheriff or the creditor. Ainsworth v. Bowen, 9 Wis. 348; Armstrong v. McAlpin, 18 Ohio St. 184; Morgan v. Spangler, 20 Ohio St. 38; Massie v. Stradford, 17 Ohio St. 596; O'Brien v. Glenville, 50 N. Y. 128.

BENNETT, J. This is an action of claim and delivery brought to recover possession of certain personal property upon which the plaintiff claimed to have a chattel mortgage, which was given to secure a loan made by plaintiff to one E. M. McMillan. The defendant filed an answer alleging: (1) A general denial; (2) that he was sheriff, and as such held in his hands several writs of attachment against said E. M. McMillan, the mortgagor, and that he claimed to hold the property by virtue of said writs; (3) that the mortgage to plaintiff was given without consideration, and that the plaintiff had entered into a conspiracy with various parties to cheat and defraud the creditors of the said E. M. McMillan; and (4) set up, by way of counterclaim, the matters, in substance, as alleged in the answer, and demanded judgment for a return of the property or its value, and damages for the detention, or, in case the mortgage was a valid lien upon said property, that plaintiff account for the value, or that the surplus, after satisfying such lien, should be applied upon the attachments. To the counterclaim the plaintiff demurred, upon the grounds that the matters alleged do not constitute a counterclaim; that it is not a cause of action arising out of the same transaction set forth in the

complaint, and not connected with the subject of the action; that it is not a claim existing in favor of the defendant, wherein a several judgment might be had in the action; and that it does not state facts sufficient to constitute a cause of action. The demurrer was overruled, and from the order overruling the demurrer the plaintiff appeals.

Without considering the other points raised upon the demurrer, we think it should have been sustained on the ground that it does not state facts sufficient to constitute a cause of action. Section 4915, Comp. Laws, provides as follows: "The counterclaim mentioned in the last section must be one existing in favor of the defendant, and against the plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action: (1) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of plaintiff's claim connected with the subject of the action. (2) In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action. The defendant may set forth by answer as many defenses and counterclaims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both."

The test of a counterclaim is whether the defendant could have maintained an independent action on the demand as set forth in it. In the case at bar the respondent's theory is that, by the levy of the warrants of attachments in his hands as sheriff, a lien was acquired upon the property which he took from the debtor McMillan, and, although the appellant may have had a prior chattel mortgage lien upon the same property, yet, when this mortgage lien had been satisfied, he, the respondent, was entitled to the surplus proceeds, by virtue of his secondary lien.

The defensive part of the answer alleges that the property covered by the chattel mortgage is worth nearly $9,000, while the amount of the money due for which the mortgage was given as a security is only $4,000. If that mortgage is fraudulent, it is void as to creditors. If the mortgage is valid, the plaintiff is entitled to the property for the purpose of satisfying his mortgage claim. The question of the fraudulent character of the mortgage is at-

tempted to be litigated in the defensive part of the answer, but with this we have nothing to do, so far as the demurrer is concerned. Upon the theory of the case, in order for the respondent to establish his counterclaim, he must assume that the appellant's mortgage is valid; for, to show the invalidity of the mortgage for any reason, it cannot be raised by a counterclaim, but it is a matter of affirmative defense. The respondent must also allege that, after the mortgage has been satisfied, there is property or a surplus of funds in the hands of the appellant arising from the sale of the mortgaged property, upon which he has a valid lien. While, for the purposes of this cause, we may admit that the respondent has a valid lien upon the property or surplus funds in the hands of the appellant belonging to the debtor of the respondent, do the allegations in the counterclaim show that there is such property or surplus funds, or, if not, that by reason of some wrongful act of the appellant he has been deprived of it, to the injury of the respondent? We think not. A counterclaim must contain all the substantial averments necessary in a complaint based upon the same cause of action. When there is nothing in any of the matters relied on as a counterclaim upon which a separate suit can be maintained, it must be held to be defective upon demurrer. Whatever is necessary to be proved is necessary to be alleged. The answer which sets up a counterclaim must state facts which constitute a cause of action against the plaintiff, and its sufficiency must be governed by the same rules as if the defendant had brought suit against the plaintiff. These principles are so well established that it is unnecessary to quote authorities to sustain them.

In the counterclaim before us there is no allegation specifically setting forth the property or the funds on which the attachment liens—admitting that they exist—could be laid. The allegation in the counterclaim is that the property was worth the sum of $8,800 at the time of the delivery to the plaintiff, and that all the right the plaintiff had to it was by virtue of a pretended chattel mortgage, but does not allege what was the amount of the mortgage. There is no allegation as to what the property brought at the sale under the mortgage. If there is any presumption aris-

ing in the case, it would be that the property was worth no more than enough to secure the indebtedness for which it was given as a security, and, if it was apparently worth more than enough to pay the indebtedness, that it would bring no more than enough to pay it at forced sale; as it is within the common knowledge of all that sales under chattel mortgages, no matter how favorably conducted, seldom realize the full value of the property sold. By the defendant's own showing, the property has been sold; its separate identity is gone. The defendant is seeking to have the proceeds of the sale under the mortgage, after paying the mortgage, applied to the payment of claims of other creditors. In order to do so, if it can be done in this way, it must be affirmatively shown that there are funds in the hands of the sheriff, belonging to the debtor, which are held as trust funds. If this must be shown, it must be alleged. The counterclaim, failing to allege the fact that there is such property or surplus funds in the hands of the appellant, or that he had been wrongfully deprived thereof, is deficient, and the demurrer should have been sustained. In the case of Morgan v. Spangler, 20 Ohio St. 40, which is chiefly relied upon by respondent, the cross petition shows not only that the allotment creditors made themselves parties to it, but the allegations distinctly aver the amount for which the mortgage was given, and the amount of the proceeds of the sale under it, by which it was shown that there was a large surplus in the hands of the mortgagee that should be applied to the payment of other liens. The order overruling the demurrer is reversed, and cause remanded for further proceedings not inconsistent with this opinion.