JOHN RAMSDELL, Appellant v. HARRY F. WARNER, Respondent.

(183 N. W. 281.)

**Gifts — verbal "gift" not valid unless possession given or delivery made.**

1. A gift is a transfer of personal property made voluntarily and without consideration. A verbal gift is not valid unless the means of obtaining possession and control of the thing are given, nor, if it is capable of delivery, unless there is an actual or symbolical delivery of the thing to the donee. (§§ 5538-5539, C. L. 1913).

**Gifts — title to straw given under condition of removal held not to pass.**

2. Where W. the owner of certain strawstacks situated on his own premises, tells R. that R. may have as much of the straw as he wants provided it is removed from the premises within a specified time, and where R. does not remove any part of the straw or in any manner take possession thereof or exercise any dominion over it, title does not vest in R., so as to render W. liable for the value of the straw in an action brought by R. against W. charging the latter with having set fire to and destroyed the strawstacks.

Opinion filed May 24, 1921.

Appeal from District Court, Renville County; *Burr*, J.

Plaintiff appeals from an order granting defendant's motion for a new trial.

Affirmed.

*J. E. Bryans,* for appellant.

The tenant is the owner of all of the straw on this land, regardless of such provision in the contract. See the late decision of this Court. Minneapolis Iron Store Co. v. Branum, 36 N. D. 355; 162 N. W. 543.

That it is a general rule of law that the tenant is the owner of the straw. Munier v. Zachary, 114 N. W. 525; 18 L.R.A. (N. S.) 572, and note to this case. Craig v. Dale, found in 37 Am. Dec. 477, holds that the tenant is entitled to all straw as part of the crops on rented lands. Smith v. Boyle, 66 Neb. 823; 92 N. W. 1018; 103 Am. St. Rep. 745.

The following cases are to the same point that the tenant is the owner of the straw. 24 Am. St. Rep. 433; 45 Am. Rep. 277; 59 Am. Dec. 53; 48 Am. Rep. 155; Brigman v. Overstreet, found in 128 Ga. 447, 10 L.R.A. (N. S.) 452, 57 S. E. 454, holds that straw from which the crops is threshed is not manure, but is part of the crop and belongs to the tenant in the same way and to the same extent as the grain. Rank v. Rank, 5 Pa. 211.

*P. M. Clark,* for respondent.

Imperfect Gift. "Where, however, some essential element necessary to make a perfected gift inter vivos, such as delivery to or acceptance by the donee is lacking, the donor may revoke the gift at any time before it is perfected." 20 Cyc. p. 1213.

Promise of Gift. "A mere promise or executory agreement to make a gift of property does not amount to a gift inter vivos and is not enforcible as such." 20 Cyc. 1214. Luther v. Hunter, Vol. 7 N. Dak. 544; also see extensive note in McWillie v. Van Victor, 72 Am. Dec. 135.

If there was a reversionary interest there was not a gift, but merely an imperfect or incomplete gift and an incomplete gift is in fact and in law no gift at all. Shepard v. Shepard, 129 N. W. 202, (Mich.); Dewey

v. Barnhouse, 29 L.R.A. (N. S.) 166; Black on Recision and Cancellation, Vol. 2, § 497 on essentials of a gift.

CHRISTIANSON, J. Plaintiff brought this action to recover the value of 200 tons of straw which he avers that the defendant set on fire, and caused to be destroyed, on October 9, 1919. The defendant interposed a general denial. The case was tried to a jury, and resulted in a verdict in favor of the plaintiff for $480 and interest. The defendant moved for a new trial on the grounds, among others: (1) Insufficiency to justify the verdict; (2) that the verdict is against law; and (3) that the verdict was rendered under the influence of passion and prejudice, and excessive damages awarded to the plaintiff. The motion for a new trial was granted, and plaintiff appealed.

The defendant was the owner of a quarter section of land in Renville county in this state. In April, 1919, the plaintiff and the defendant entered into a written contract whereby the plaintiff agreed to farm such land for the farming season of 1919 on the "crop-share plan." The land was sowed to wheat which was threshed in August, 1919, and this controversy arises over the straw. The plaintiff claims to be the owner of all of the straw. Under the contract between the parties, the plaintiff specifically agreed "not to remove any straw or manure from said farm, and not to sell or remove, or suffer to be sold or removed, any of the produce of said farm or premises, of any kind, character, or description until the division thereof, without the written consent of the party of the second part, and, that, until such division, the title and possession of all the hay, grain, crops and produce, raised, grown or produced on said premises" should be and remain in the defendant. The contract further provided that all the hay should be put up "one-half basis," and that—

"In consideration of the faithful and diligent performance of the foregoing stipulations by the party of the first part (plaintiff) the party of the second part (defendant) agrees, upon reasonable request thereafter made, to give, release and deliver to said party of the first part herein named the one-half of the hay and of all grain so raised and secured from the said farm during said season or seasons, or the proceeds thereof, if sold, after deducting from such share any just costs or disbursements, incurred and made by said party of the second part as hereinbefore provided and any indebtedness owing from the first party to the second party."

It is undisputed that at the time of the threshing some conversation took place between plaintiff and defendant with reference to the straw. The plaintiff claims that the defendant told him that he could have all of the straw if he removed it from the premises "before the snow came." The defendant, on the other hand, claims that in such conversation he told the plaintiff that he (plaintiff) could have the straw, or as much thereof as he wanted, if he took it off the premises before the 1st of October. The defendant further stated that he informed the plaintiff that he wanted to burn the straw before he went back to his home in Canada. The defendant further testified that he also informed the plaintiff that he had given other parties permission to take some of the straw. On the 9th day of October, the defendant burned the straw. The plaintiff thereupon brought this action to recover $4,000, which he claims to be the value of the straw.

In a memorandum decision filed with the order granting a new trial, the trial court said:

"It is contended by the plaintiff that under the provisions of this lease, he would have a half interest in the straw, from the mere fact that he was tenant. The defendant claims that the crops raised, being emblements, are the property of the tenant. The respective rights of the parties, however, and the question of title to crops and straw, are fixed by this contract. An examination of the contract shows that at no time did the tenant, the plaintiff, have any interest in the straw. While the crops were growing, all the title thereto remained in the defendant, and even after division, all title that passed to the plaintiff upon the completion of the contract was title to 'the one-half of hay and of all grain raised and secured from the said farm during said season.' The straw is neither hay nor grain, and therefore it is clear that at all the time the title to the straw remained in the defendant. Despite this new theory advanced by the plaintiff, that because he is the tenant the annual crops are the property of the tenant until division, it is clear he did not have that view when he commenced the action. He brings this action against the defendant because he claims the defendant destroyed certain property which he gave to the plaintiff. In other words, the plaintiff claims the defendant made a gift of the straw to him. * * * There is no contention in the evidence that the plaintiff removed any of the straw, or had commenced hauling it before the defendant burned it. The threshing was done some time in August, and it was during the threshing

period this conversation was had between the parties regarding the straw. There was nothing further for the plaintiff to do under the contract after the threshing, and therefore he had no further right on the place, except it was his business to haul the share of the grain coming to the defendant. Unless the defendant made a gift of the straw to the plaintiff, the plaintiff cannot recover in this case. There was no consideration for the straw, and so the plaintiff's title, if any, must rest upon a gift.

"In this case, there was no motion for dismissal or directed verdict, and so the case was submitted to the jury. The court charged the jury that if the defendant gave the plaintiff all of the straw, to be the straw of the plaintiff, and burned it before the plaintiff had the right to remove it, that the plaintiff could recover. This may not have been quite clear to the jury. The court told the jury the straw was a mere gift. The question is now raised that it was not even a gift; that it was a mere license to go upon the land and take such straw as he wanted. In the charge, the court stated that if it was a mere license, this license could be revoked any time and the defendant would not be liable. * * * Under our statute, §§ 5538 and 5539, a gift is a transfer of personal property, made voluntarily and without consideration, but is not valid, when it is a verbal gift, unless the means of obtaining possession are given, and if the property be capable of delivery unless there is an actual or symbolical delivery. This, if a gift, was a verbal gift. * * * The defendant claims * * * there was no delivery of the property. The court is inclined to think this is correct. The plaintiff did not go and take any of the straw, did not exercise any more power or dominion over it than he had before the alleged gift. There was no symbolic delivery or possession given; the property remained just as it did before. Then there is another point which the defendant urges, and that is, there never was a complete transfer of title intended. Both the plaintiff and the defendant admit that if there was any straw remaining on the premises after a certain date, the defendant was going to burn it. They differ as to the date set, but they agree on the fact. The plaintiff himself admits the defendant said he could have it if he got it off by a certain time. The more the court views it, the more we are inclined to believe it was a mere license to go and take the straw, and as the plaintiff had not taken it, or any portion of it, or exercised any dominion over it, the defendant could do as he saw fit.

"The defendant claims the jury were influenced by passion or preju-

dice, and that this is shown by the amount of verdict returned. It is quite clear that both the plaintiff and the defendant looked upon the straw as being comparatively valueless at the time the alleged gift was made. The plaintiff admits he was getting it for nothing, and that the defendant was going to burn it anyway. The defendant claims he did not know what to do with the straw, was glad that any one would take it and intended to burn it before he left, in order to get rid of it. The length of the winter which followed, the severity of the season, and the ensuing scarcity of feed, caused the price of straw to go to a fabulous figure, and it does appear as if the jury were influenced by that. The plaintiff, if he can recover at all, could recover for the value of the straw at the time it was burned, and yet the jury gave him $480 for straw that he was getting for nothing, and which the defendant was burning to get out of the way. Under all the facts and circumstances of this case, the court believes justice requires that a new trial be granted, and so the verdict will be set aside and a new trial granted."

We agree with these views of the trial court. The plaintiff at no time lived on the premises on which the straw was grown. He had a farm of his own in that vicinity. He lived on his own farm, and merely tilled the premises on which the straw was grown. He went on the premises for the purpose of doing whatever was necessary to carry out the stipulations of the contract. As pointed out by the trial court, he had removed no part of the straw, and had, in no manner, attempted to exercise dominion over it. He had been given permission to take whatever straw he wanted. He was not required to take all, or any specified part of it. If he saw fit to do so, he might decide to take nothing, or he might decide to take one load, or all of it. If he decided to take any of it, concededly he must take it within a specified time. Upon this both parties are agreed, although they disagree as to what time was specified. But no obligation rested upon the plaintiff to remove a single straw. We are agreed with the trial court that the plaintiff had been granted merely a license or permission to go upon the premises and remove some of the straw, and that title to the straw had not become vested in him so that he might maintain an action against the defendant for damages for the destruction thereof.

It is well settled that an unexecuted parol license, without consideration, is revokable at any time before it is executed. 17 R. C. L. pp. 576-578. Also, that—

"Words alone are not sufficient to constitute a gift, because mere words, unaccompanied by delivery could only be a promise, and there being no consideration, the promise could not be enforced, and therefore the gift would not be complete, except that, if the subject of the gift is already in the possession of the donee, the delivery may be effectuated by words. To make a valid and effective gift inter vivos there must be an intention to transfer title to the property, as well as a delivery by the donor and an acceptance by the donee. Mere intention to give without delivery is unavailing, and delivery is insufficient unless made with an intention to give. But property expressly delivered as a gift will not be presumed to have been intended as satisfaction of a debt. There must be an intention on the part of the donor to relinquish the right of dominion on one hand and to create it on the other, and the delivery must be not only of possession but also of the dominion and control of the property. To have the effect of a valid gift, therefore, the transfer of possession and title must be absolute and go into immediate effect, so far as the donor can make it so by intent and delivery, and must be so complete that if he again resumes control over it without the consent of the donee he becomes liable as a trespasser." 12 R. C. L. pp. 932-934.

The order appealed from must be affirmed. It is so ordered.

Robinson, C. J., and Bronson and Birdzell, JJ., concur.

Grace, J., being disqualified, did not participate.