[File No. 6998]

A. J. ZEMAN as Administrator of the Estate of Catherine Zeman, Deceased, Respondent, v. REV. V. F. MIKOLASEK, Most Reverend Bishop A. J. Muench and Saint Joseph's Church of Lankin, North Dakota, a religious corporation, Appellants.

(25 NW2d 272)

Opinion filed December 12, 1947

*W. D. DePuy,* for appellants.

*Burtness & Shaft,* for respondent.

CHRISTIANSON, Ch. J. This action involves the ownership of 66 fully paid shares in the Grand Forks Building and Loan Association. The question in dispute is whether such share certificates at the time of her death belonged to the deceased, Catherine Zeman, and are a part of her estate, or whether Catherine Zeman during her lifetime made a gift of such certificates to the several defendants. The trial court found that the certificates were the property of Catherine Zeman at the time of her death; that there had been no completed gift of any of the certificates to any of the defendants; that consequently, they are part of her estate and that the plaintiff administrator is entitled to possession thereof as assets of the estate of said deceased; and that none of the defendants have any interest in any of such certificates. The defendants have appealed from the judgment and demanded a trial anew in this court.

There is little if any conflict in the evidence concerning the material facts. The deceased, Catherine Zeman, was a member of the defendant Saint Joseph's Church of Lankin, North Dakota. The defendant, Rev. V. F. Mikolasek, has been the pastor of such church since 1911. The defendant, Rev. Mikolasek, testified that through the years the deceased consulted with him with reference to business transactions, and the evidence shows that as early as 1935 he wrote letters to her children in relation to the distribution of some of her properties and that he continued to give attention to such affairs of the deceased until her death. The deceased was the owner of substantial properties, both real and personal. Among such properties were share certificates in the Grand Forks Building and Loan Association.

On October 17, 1934 the deceased delivered to the judge of

the county court of Walsh County for deposit in his office her Last Will and Testament. On December 24, 1934 she delivered to such county judge a codicil to the will. The will and the codicil were filed by the county judge and such filing noted in the Will Index book kept in his office for such purpose. On May 4, 1936, the will and the codicil were withdrawn and, according to the notation in the record of the county judge, they were returned to the maker. The records of the county court show that on that same day another will of the deceased was deposited with the county judge. This latter will was withdrawn from the county court on September 17, 1936. On that same day, i. e. on September 17, 1936, another will of the deceased was deposited with the said county judge and the county judge issued a certificate certifying that on that day—September 17, 1936—Rev. V. F. Mikolasek deposited in such court a sealed envelope purporting to contain the Last Will and Testament of Catherine Zeman. On the 25th day of October, 1938 the defendant, Rev. Mikolasek, deposited with the county judge an envelope purporting to contain certificates of the Grand Forks Building and Loan Association and the then county judge issued to him a certificate certifying "That on the 25th day of October, 1938 Rev. V. F. Mikolasek did deposit in this court a sealed envelope purporting to contain the CERTIFICATES of Grand Forks Building and Loan Ass'n belonging to Mrs. Catherine Zeman of the village of Lankin, County of Walsh and State of North Dakota and that said envelope is on file in this court in accordance with the provisions of the Laws of North Dakota."

On July 7, 1941, the defendant, Rev. Mikolasek, called at the office of the county judge and surrendered the above mentioned certificate which had been issued by the county judge on October 25, 1938; and the county judge then delivered to him the envelope, which had been deposited on October 25, 1938, containing the certificates of shares in the Grand Forks Building and Loan Association; and the said defendant, Rev. Mikolasek, also withdrew and received the will of Catherine Zeman that had been deposited in the office of said county judge on September 17, 1936. Thereafter, and on the same day—namely on July 7,

1941—the Rev. Mikolasek deposited with the county judge two envelopes, both of which were filed by the county judge and the filing thereof noted in the Will Index. The county judge also issued to said defendant, Rev. Mikolasek, a certificate for each of such envelopes. One certificate recited "That on the 7th day of July, 1941 Rev. V. F. Mikolasek did deposit in this court a sealed envelope purporting to contain the 34 shares of Grand Forks Building and Loan Association Stock of Catherine Zeman," etc.; and the other certificate recited "That on the 7th day of July, 1941 Rev. V. F. Mikolasek did deposit in this court a sealed envelope purporting to contain an Abstract of Title and Deed and 70 Shares of stock in Grand Forks Building and Loan Association of Catherine Zeman," etc.

The evidence shows that the 66 shares in the Grand Forks Building and Loan Association in issue here were among those in the envelopes so deposited on July 7, 1941. The county judge testified that the will filed September 17, 1936 and the envelope which had been deposited on October 25, 1938 were withdrawn prior to the deposit on July 7, 1941 of the two envelopes containing shares of the Grand Forks Building and Loan Association. The county judge testified that on July 7, 1941 when the defendant, Rev. Mikolasek, filed the two envelopes containing the shares in the Grand Forks Building and Loan Association and certain other papers, that "he (Rev. Mikolasek) came with an escrow paper" signed by the deceased. The county judge further testified that such escrow agreement was returned by him (the county judge) to the defendant, Rev. Mikolasek, sometime after the administrator had been appointed. Such escrow agreement reads as follows:—

" 'In Escrow:

" 'To whom it may concern:

" 'I order hereby Rev. V. F. Mikolasek, at present pastor of St. Joseph's Church Lankin, N. D. to collect all money, all papers and deposits belonging to me either in cash or valuable papers of any kind, and to hold them * * * in escrow for delivery after my death according to the instructions and orders written

on these papers or orally given to him. I reserve full right to make any changes necessary and to arrange the division of my personal belongings if I will see it fit.

" 'dated at Lankin, N. D. July 31, 1939.

Signed: Catherine Zeman.

" 'State of North Dakota,
County of Walsh. SS.
Subscribed and sworn to by Catherine Zeman this 31st day of July A. D. 1939.

K. P. Nappen
Notary Public, Walsh County,
N. Dak. My commission expires:
Oct. 15, 1942.' "

(SEAL)

" 'Since the date the land was sold to Miss Lucy Zeman of Lankin N. D.' "

The asterisks shown above represent about a line and a half, which according to the testimony was blotted out after it had been drawn and it is impossible to decipher same. Rev. Mikolasek testified that the notation following the jurat was placed thereon at the same time the blotting out was done and that all of the matters stricken out related to some land transaction.

Catherine Zeman died on April 21, 1942. The county judge testified that on April 24, 1942 the defendant, Rev. Mikolasek, the plaintiff administrator, and some of his sisters met at the office of the county judge, and that "Reverend Mikolasek brought the two certificates or receipts that were given to him on the 7th day of July, 1941;" and that the county judge then brought out the two envelopes for which the said two certificates or receipts had been given; that such envelopes were then opened in the presence of Reverend Mikolasek and the plaintiff administrator and the other members of the Zeman family; that the county judge then withdrew the contents and read the assignments on the several shares of stock; and that those assignments were on such shares of stock when they came into his possession on July 7, 1941. He testified further that he did not deliver the

papers to anyone; that "argument developed at which time Reverend Mikolasek felt that according to the escrow paper that he had, it gave him the right to distribute these shares according to the way they were signed;" that the plaintiff administrator objected to this; that "he felt this belonged to the estate of Mrs. Zeman and that an administrator should be appointed;" that "the result was that the parties went home" and all the papers remained in the county judge's office. That a few days later the plaintiff Zeman presented a petition for letters of administration and that in due course letters of administration were issued appointing him as administrator of the estate of Catherine Zeman, deceased; and that the certificates of stock were thereafter turned over to him.

On the back of each of the stock certificates there is an assignment, which aside from the name of the assignee reads as follows:—

"For Value Received, I hereby transfer and assign the within certificate of stock of The Grand Forks Building and Loan Association to

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Lankin, North Dakota, October 22, 1938.
Done in our presence this 22 day of October, 1938.

Thomas A. Cummins             Catherine Zeman
K. P. Nappen                    Owner"

All the assignments were dated on the same day, bore the signatures of the same subscribing witnesses, and were in all respects alike with the single exception of the difference in the names of the assignees. In the assignments of the certificates for twenty-two shares, "St. Joseph's Church at Lankin, N. D." was inserted in the space provided for the name of the assignee. In the assignments of the certificates for twenty shares, "Rev. V. F. Mikolasek or in case of his death to the Most Rev. Bishop at Fargo, N. D." was inserted in the space provided for the name of the assignee. In the assignments of the certificates for fourteen shares, "Rev. V. F. Mikolasek (for services rendered)" was inserted in the space provided for the name of the assignee. In

the assignments of the certificates for ten shares, "Pastor of St. Joseph's Church, Lankin, N. D. (My funeral expenses all)" was inserted in the space provided for the name of the assignee.

K. P. Nappen, who attested the several assignments as a subscribing witness, was called as a witness by the defendant and testified with respect to the execution of such assignments. He testified that on the date they were executed he was engaged in the mercantile business in Lankin, and that formerly he had been in the banking business in that village; that on October 22, 1938 the deceased, Mrs. Zeman, and the defendant, Rev. Mikolasck, came to Nappen's place of business in Lankin; that Mrs. Zeman then signed the several assignments and that he, Nappen, signed as an attesting witness, and that he called one Cummins, who happened to be in the store, to sign as the other attesting witness; that the assignments were all executed at the same time; and that he does not recall whether the instruments were turned over to Mrs. Zeman or to Rev. Mikolasek.

While in main the stock certificates are alike, it appears that two different forms were used. The certificates for 54 shares were prepared on the same form and contain the same language. Two certificates covering 12 shares are somewhat different. The certificates covering 54 shares contain the recital that the certificate "is transferable on the books of the undersigned by the holder hereof in person, or by duly authorized attorney, upon surrender of this certificate properly endorsed. The undersigned may treat the holder of record hereof as the owner for all purposes without being affected by any notice to the contrary until this certificate is transferred on the books of the undersigned." Such certificates also provide that "The holder hereof is entitled to semi-annual payment of dividends as the board of directors may declare out of net earnings or undivided profits of the undersigned on the 30th day of June and the 31st day of December of each year," etc. The certificates covering 12 shares provide, "these shares may be transferred by an assignment in writing, but such transfer shall not be binding upon the Association until the certificate shall be surrendered to it and cancellation thereof entered upon the books of the Association

and a new certificate issued therefor." Such certificates further provide that the shares evidenced by the certificate shall "participate proportionately in the net earnings of said Association. Such earnings to be payable on the first day of July and January of each year."

It seems clear that all the certificates involved in this action were contained in the envelope which the defendant, Rev. Mikolasek, delivered to and filed with the county judge on October 25, 1938,—some three days after the certificates had been assigned by the deceased. As has been said, at the time the envelope containing such certificates was delivered to the county judge on October 25, 1938, the county judge delivered to the defendant, Rev. Mikolasek, an official certificate stating that Rev. Mikolasek had on that day deposited "in this court a sealed envelope purporting to contain the certificates of Grand Forks Building and Loan Association belonging to Mrs. Catherine Zeman of the village of Lankin," etc.

Some nine months thereafter—namely on July 21, 1939—the deceased executed a document referred to as an escrow agreement. In such agreement it was stated:—

"I order hereby Rev. V. F. Mikolasek, at present pastor of St. Joseph's Church at Lankin, N. D. to collect all money, all papers and deposits belonging to me either in cash or valuable papers of any kind, and to hold them . . in escrow for delivery after my death according to the instructions and orders written on these papers or orally given to him. I reserve full right to make any changes necessary and to arrange the division of my personal belongings if I will see it fit."

On July 7, 1941 the defendant, Rev. Mikolasek, went to the office of the county judge and presented the certificate which he had received for the envelope deposited on October 25, 1938 and the county judge then delivered to him the envelope which had been deposited on October 25, 1938; and at the same time the defendant, Rev. Mikolasek, also received from the county judge the will of Catherine Zeman that had been deposited in the office of the county judge on September 17, 1936; and thereafter and

on the same day Rev. Mikolasek deposited with the county judge two envelopes, which were filed by the county judge and the filing noted in the Will Index, and the county judge issued and delivered to the defendant, Rev. Mikolasek, a certificate for each of the envelopes. Each of such certificates recited the deposit on that day by Rev. Mikolasek of a sealed envelope purporting to contain shares of Grand Forks Building and Loan Association stock "of Catherine Zeman."

It will be noted that under the terms of the several stock certificates the "holder of record" of a certificate continues to be the owner thereof, so far as the Association is concerned, unless and until the certificate properly endorsed is surrendered to the Association and the ownership thus transferred upon the books of the Association. It is undisputed that all dividends that were paid upon the shares in question here, subsequent to October 25, 1938, were paid to Catherine Zeman who remained the record owner of the stock on the books of the Association. So far as the Association was concerned, she continued to be the owner and received the dividend payments which belonged to the owner of the certificates. If the certificates were assigned absolutely on October 22, 1938 with the intention that the title should pass from Catherine Zeman to those named in the assignments on the certificates, it is difficult to understand why the transaction was not completed in accordance with the terms of the certificates by having them delivered to those to whom they purported to be assigned and the transfers completed upon the books of the Association. No valid reason appears why this was not done. Instead of their being transferred upon the books of the Association, three days after the assignments had been endorsed on the certificates the defendant, Rev. Mikolasek, placed all the certificates in an envelope and took such envelope to the office of the county judge where the will of Catherine Zeman formerly had been filed and deposited the same with such county judge; and as evidence of the deposit of such envelope the county judge executed and delivered to the defendant, Rev. Mikolasek, an official certificate under the seal of the court certifying that Rev.

Mikolasek had on that day deposited "in this court a sealed envelope purporting to contain the certificates of Grand Forks Building and Loan Association belonging to Mrs. Catherine Zeman of the village of Lankin."

The envelope so deposited with the county judge on October 25, 1938, remained on deposit until April 7, 1941—a little over two years and five months—when the defendant, Rev. Mikolasek, again called at the county judge's office. The county judge testified he (Rev. Mikolasek) "came with an escrow paper," and that he surrendered the certificate which had been delivered to him on October 25, 1938 and obtained possession of the envelope described in the certificate. He also withdrew the will of Catherine Zeman which had been deposited on September 17, 1936. Later, on that same day the defendant, Rev. Mikolasek, deposited with the county judge two sealed envelopes, for each of which envelopes the county judge issued and delivered to said defendant, Rev. Mikolasek, a certificate reciting that on that day, namely, on July 7, 1941, the said Rev. V. F. Mikolasek deposited in such county court a sealed envelope "purporting to contain shares of stock in Grand Forks Building and Loan Association of Catherine Zeman." The defendant, Rev. Mikolasek, received and retained such certificates and brought them to the county judge's office after the death of Catherine Zeman at the meeting held there on April 24, 1942. During all this time no steps had been taken to transfer the stock on the books of the Association and all the dividends thereon had been paid to Catherine Zeman as the holder of the stock.

The certificate on which the assignment endorsed named "Pastor of St. Joseph's Church—Lankin, N. D. (My funeral expenses all)" as assignee manifestly could not have been intended to be delivered to the assignee until after the death of Catherine Zeman as it would not be possible to know who the Pastor of St. Joseph's Church at Lankin would be at the time of her funeral until that event occurred. It is argued that the certificates in which "Rev. V. F. Mikolasek (for services rendered)" was named as the assignee were delivered to the assignee. It is true such certificates were placed in the possession of Rev. Mikolasek, but

this fact alone does not show there was an unconditional delivery. Such certificates with the assignments thereon were in his possession, together with all the other certificates, including the one in which the "Pastor of St. Joseph's Church—Lankin, N. D. (My funeral expenses all)" had been named as assignee.

Rev. Mikolasek throughout the years had acted as agent for Catherine Zeman, particularly in matters relating to the disposition of her properties. He had acted for her in depositing her will with the county judge. He had acted for her in withdrawing a will that had been deposited. He was acting for her at the time he presented the envelope containing the certificates for filing and deposit to the county judge on October 25, 1938. He was acting for her on April 7, 1941 when he withdrew her will and withdrew the envelope that had been deposited on October 25, 1938. He was acting for her on April 7, 1941, when he presented to the county judge for filing and deposit two envelopes purporting to contain certificates of Building and Loan Association stock of Catherine Zeman. We have no means of knowing what was said to the county judge at the time such deposits were made except the recitals in the certificates which were executed by the county judge at the time each deposit was made. On July 21, 1939, interim the deposit made on October 25, 1938 and the deposit made on April 7, 1941, Catherine Zeman had executed and Rev. Mikolasek had received the instrument referred to as the "escrow" agreement. In appellants' brief the following observations are made with respect to such agreement:—

"Interpreted in the light of the circumstances then existing and those preceding, this Ex. N. is significant.

It was placed in Fr. Mikolasek's custody not before and presumably on or about its date July 31, 1939. It directed that he collect her valuables and hold them in escrow for delivery, not before but after her death. To whom? To those written on the papers or if not written, then according to her oral instructions. She reserved the right to make changes if she found it necessary to rearrange the division of her personal property and saw fit to do so before her death, but if she make no changes before her

death then of course the writings on the papers and her oral instructions were to be followed by Fr. Mikolasek.

She did not see fit to make changes and on April 21, 1942, when she died, her right and power to exercise control ceased and the instructions written on the instruments and the oral instructions given became effective at once."

We are inclined to the view that this is a correct analysis of the purpose and effect of the "escrow" agreement: That Catherine Zeman "reserved the right to make changes if she found it necessary to rearrange the division of her personal property and saw fit to do so before her death, but if she make no changes before her death then of course the writings on the papers and her oral instructions were to be followed by Fr. Mikolasek." If Catherine Zeman "reserved the right to make changes if she found it necessary to rearrange the division of her personal property and saw fit to do so before her death," then of course there was no gift. Luther v. Hunter, 7 ND 544, 75 NW 916; Ramsdell v. Warner, 48 ND 96, 183 NW 281; Reel v. Hansboro State Bank, 52 ND 182, 201 NW 861; 24 Am Jur 738, Gifts, §§ 20 et seq.; ND Rev Code 1943, §§ 47–1106—47–1109.

" 'To make a valid and effective gift inter vivos there must be an intention to transfer title to the property, as well as a delivery by the donor and an acceptance by the donee. Mere intention to give without delivery is unavailing, and delivery is insufficient unless made with an intention to give. . . There must be an intention on the part of the donor to relinquish the right of dominion on one hand and to create it on the other, and the delivery must be not only of possession but also of the dominion and control of the property. To have the effect of a valid gift, therefore, the transfer of possession and title must be absolute and go into immediate effect, so far as the donor can make it so by intent and delivery, and must be so complete that if he again resumes control over it without consent of the donee he becomes liable as a trespasser.' " Ramsdell v. Warner, 48 ND 96, 183 NW 281, supra.

"It is well settled that there must be a clear and unmistakable intention on the part of a donor to make a gift of his property

in order to constitute a valid, effective gift inter vivos or causa mortis. . . . The donor must intend to relinquish the right of dominion on the one hand, and to create it on the other, and this intention to make a gift must be a present intention; a mere intention to give in the future will not suffice." 24 Am Jur 738–740, Gifts, § 21.

"In order to constitute a valid gift of personal property inter vivos, the delivery of the property must clearly appear, and the donee must lose all control over the same." Luther v. Hunter, 7 ND 544, 75 NW 916, supra.

"The essential elements of a gift inter vivos are an intention to make the donation then and there and an actual or constructive delivery at the same time of a nature sufficient to divest the giver of all dominion and invest the recipient therewith." Reel v. Hansboro State Bank, 52 ND 182, 201 NW 861, supra.

After careful consideration of the evidence we reach the same conclusion as that stated in the memorandum decision which the trial court filed in this case:—

"Taking all these matters into consideration the court has come to the conclusion that the evidence does not warrant the holding that there was absolute delivery of the certificates in question on October 22nd 1938, but, rather, that they were held subject to Mrs. Zeman's control and that the attempts made to distribute them were rather in the nature of a testamentary disposition than absolute gift."

Appellants further contend that the trial court erred in certain rulings, and that such erroneous rulings will in any event require a reversal of the judgment. Specifically, it is contended that the trial court erred: (1) In limiting the re-direct examination of the defendant, Rev. Mikolasek; (2) In denying defendants' motion to dimiss the action for misjoinder of causes of action; and (3) In denying a motion for judgment on defendants' counterclaim. These propositions will be considered in the order stated.

The document known as the "escrow" agreement was offered in evidence by plaintiff's counsel during the cross-examination of the county judge who had received and filed the envelopes delivered to him by Rev. Mikolasek on July 7, 1941, and who on

April 24, 1942, delivered to Rev. Mikolasek the envelopes which had been filed on July 7, 1941. As has been said, Rev. Mikolasek, the plaintiff, administrator, some of his sisters, and the county judge were present in the county judge's office on April 24, 1942 at the time the envelopes were opened and the stock certificates and assignments thereon examined and read by the county judge to those present. The county judge testified that at such meeting the Rev. Mikolasek insisted that the "escrow" agreement gave him full power to take charge of all moneys, certificates, deposits, or property owned by the deceased, Mrs. Zeman, and that "he had the right according to that escrow to make all necessary divisions of the property as they were assigned or directions given." On re-direct examination of Rev. Mikolasek defendant's counsel claimed that as a result of the introduction of the escrow agreement and the cross-examination of Rev. Mikolasek, the plaintiff had waived the statute (Comp Laws 1913, § 7871, Sess Laws 1913, Ch 189, ND Rev Code 1943, § 31–0103) which provides that in any civil action or proceeding by or against an executor, administrator, heirs at law, or next of kin in which judgment may be rendered or ordered for or against them, neither party (with certain exceptions not pertinent here) shall be allowed to testify against the other as to any transaction whatever with or statement by the testator or intestate, unless called to testify thereto by the opposite party, and that the defendant, Rev. Mikolasek, should be permitted to testify to transactions with the decedent and to any statements that she might have made relating to the matter in controversy.

We are unable to agree with this contention. The introduction in evidence of the "escrow" agreement did not remove the bar of the statute so as to make it competent for the defendant, Rev. Mikolasek, to testify to transactions with the decedent and to statements made by her.

The errors assigned on the denial of defendants' motion to dismiss the action for misjoinder of causes of action and the denial of the motion for judgment on defendants' counterclaim involve a consideration of the pleadings. The pleadings consisted of the complaint of the plaintiff and the answer of the de-

fendants. The complaint alleges that Catherine Zeman died on or about April 21, 1942; that thereafter the plaintiff, A. J. Zeman, was duly appointed the administrator of the estate of Catherine Zeman by the county court of Walsh County, North Dakota; that letters of administration were duly issued to him; that he duly qualified as such administrator and ever since the date of his appointment has been the duly appointed, qualified and acting administrator of said estate. The complaint further alleges the corporate existence of the defendant, St. Joseph's Church of Lankin. It further alleges that the said Catherine Zeman at the time of her death was and that the plaintiff as administrator of her estate is the absolute owner and in possession of certain certificates of stock in the Grand Forks Building and Loan Association,—which certificates are described in detail. The complaint further alleges that the defendants claim certain interests in or upon said certificates adverse to the plaintiff herein, all of which said claims are void and of no force or effect.

The defendants interposed a joint answer. In such answer they admit the death of Catherine Zeman and the appointment and qualification of the plaintiff, A. J. Zeman, as administrator of her estate. The answer further admits the corporate existence of the defendant, St. Joseph's Church of Lankin. The answer further states that "defendants also admit that they claim interests in the certificates described in the complaint." The answer denies that the plaintiff as administrator is the owner of the property described in the complaint, and except as admitted denies all other allegations of the complaint. The third paragraph of the answer reads as follows:

"Further answering and as a counter-claim, defendants allege that prior to her death the said Catherine Zeman assigned the certificates mentioned in the complaint with intent to transfer title thereto, without reservation of control, and delivered the same to defendant, Rev. V. F. Mikolasek, for delivery to the parties named in the assignments. That if plaintiff is in possession of the certificates described in the complaint he has come wrongfully and unlawfully into possession thereof, and those to whom

said certificates were assigned are the rightful owners and entitled to the possession thereof."

When the stock certificates with the assignments endorsed thereon were offered in evidence, defendants' counsel objected to their admission on the grounds that it appeared that the several certificates had been assigned to the several defendants individually and not jointly, and that "Therefore, it appears there has been a misjoinder of separate causes of action and there is no foundation in the pleadings for the introduction of these Exhibits in the action. Now this raises, I think, the point I had in mind that may affect the competency of witnesses during the progress of this lawsuit and it is for that purpose that I am making this objection."

After the objection had been made the court stated:— "That can be taken care of at those times." To this defendants' counsel replied:— "Yes, it can, but I don't want to waive that right, that is all." The court then announced that it overruled the objection.

At the close of all the evidence defendants' counsel moved that the action be dismissed "on the ground that it is brought jointly against the defendants and the evidence is insufficient to support the joint action. The issue tendered being one of joint ownership and by so bringing the action it has deprived the parties of the right to introduce the evidence of Father Mikolasek touching upon the intent of the deceased in making the assignments and delivering the certificates."

The trial court denied the motion.

The trial court was correct in denying the motion to dismiss. The complaint does not allege that the defendant had or claimed a joint interest in the several certificates. It alleges that the plaintiff is the owner of the certificates and that "the defendants claim certain interests in or upon said certificates adverse to the plaintiff herein," and that "all such claims are void and of no force or effect." The answer admits that the defendants claim interests in the certificates described in the complaint; and it alleges that the said Catherine Zeman "assigned the certificates mentioned in the complaint with the intent to transfer title

thereto without reservation of control, and delivered the same to defendant, Rev. V. F. Mikolasek, for delivery to the parties named in the assignments." Apparently, the answer was drawn with full knowledge of the manner in which the certificates had been assigned and to whom they purported to have been assigned, and of course the defendant, Rev. Mikolasek, had personal knowledge of all this and could in no manner have been misled.

Under our statutes the objection that several causes of action have been improperly united may be raised by demurrer when such misjoinder appears on the face of the complaint. Comp Laws 1913, § 7442; ND Rev Code 1943, § 28–0706. When this fact does not appear upon the face of the complaint the objection may be taken by answer. Comp Laws 1913, § 7446; ND Rev Code 1943, § 28–0708. And if no such objection is taken either by demurrer or answer the defendant is deemed to have waived the same. Comp. Laws 1913, § 7447; ND Rev Code 1943, § 28–0709.

After the court had denied the motion to dismiss the action, defendants' counsel moved "for judgment on the counterclaim on the ground that no reply has been served or made in this action." Plaintiff's counsel contended that the answer did not contain a counterclaim; that it merely set forth the claims of the defendants by way of answer, but that if a reply were needed he would ask leave of the court to file a reply; that such reply would merely be a general denial of the third paragraph of defendants' answer and a redemand of the relief asked for in the complaint. Defendants' counsel objected to the filing of a reply, and the court stated that "in view of the fact it was practically understood from the very beginning the issue was the ownership of the certificates and the case was tried upon that theory that a reply might be filed." Thereafter the plaintiff prepared and filed a reply which denied each and every allegation "in said counterclaim contained," and specifically denied that any of the defendants has any title or interest in the certificates described in the complaint except the plaintiff.

A counterclaim is, in effect, a cross-action, and, when well pleaded, the defendant becomes an actor. Whedbee v. Leggett, 92 NC 469, 470.

"A counterclaim must be able to stand by itself and be complete in itself, and must be separately stated." Tee v. Noble, 23 ND 225, 135 NW 769; Comp Laws 1913, § 7449; ND Rev Code 1943, §§ 28–0714, 28–0715.

"A counterclaim must contain all the substantial averments necessary in a complaint based upon the same cause of action." McKinney v. Sundback, 3 SD 106, 52 NW 322.

"To constitute a counterclaim, the facts stated must amount to an independent cause of action; when they merely serve to defeat plaintiff's cause of action, they amount to a defence, not a counterclaim." Walker v. American Cent. Ins. Co. 143 NY 167, 38 NE 106. See also Pomeroy, Code Remedies, 5th ed pp 989 et seq.; 10 Words & Phrases, Permanent ed pp 18, 19.

The paragraph which defendants assert constitutes a counterclaim is numbered as paragraph III of the answer. It does not meet the test of a counterclaim. It is rather a defensive pleading controverting plaintiff's cause of action, and setting forth the interests claimed by the defendants, conformable to the demand in plaintiff's complaint. Even though the facts set forth were sufficient to constitute a counterclaim, the trial court committed no error in permitting a reply to be filed, and no error was committed in denying defendants' motion for judgment on the counterclaim. This disposes of all the questions presented and argued on the appeal.

It follows from what has been said that the judgment appealed from must be affirmed. It is so ordered.

Burr, Nuessle, Burke and Morris, JJ., concur.