2017 ND 255

In the MATTER OF the ESTATE OF
Leonhard F. FELDMANN,
Deceased

Gerald O. Feldmann, Former Personal
Representative and Personal Repre-
sentative of the Estate of Dena Feld-
mann, Petitioner and Appellee

v.

Shannon Evans, Respondent
and Appellant

and

Karlice E. Valencia and Dena
Feldmann, deceased,
Respondents

and

American Trust Center, Successor
Personal Representative, Re-
spondent and Appellee

No. 20170034

Supreme Court of North Dakota.

Filed 10/26/2017

Gerald O. Feldmann, petitioner and appellee, (on brief).

Bruce A. Selinger, Dickinson, ND, for respondent and appellant Shannon Evans.

Timothy G. Richard (argued) and James R. Maring (on brief), Fargo, ND, for American Trust Center, Successor Personal Representative.

Crothers, Justice.

[¶ 1] Shannon Evans appeals from an order granting Gerald Feldmann ownership of certain property from Leonhard Feldmann's estate. We affirm, concluding the district court did not err in finding an inter vivos gift and did not err in finding the proceeds of the standing crop passed with the devise of real property.

I

[¶ 2] In 2004 Gerald Feldmann and his father, Leonhard Feldmann, arranged for Gerald to farm his father's land using his father's equipment and for his father to keep the proceeds. Leonhard Feldmann's daughter, Karlice Valencia, testified she overheard a phone conversation in 2009, after which Leonhard told her the farm equipment was "all Gerald's now." Leonhard Feldmann died testate on September 4, 2011, leaving the majority of his wheat crop unharvested. He was survived by Gerald Feldmann, Karlice Valencia and another daughter, Shannon Evans. Leonhard Feldmann's will devised his tangible personal property to the residuary estate, from which Shannon Evans and Karlice Valencia inherited, and devised certain farmland to Gerald Feldmann. The tangible personal property clause of the will referred to an external statement or list, but no list was found. Leonhard Feldmann's will named Gerald Feldmann as personal representative. American Trust Center replaced Gerald Feldmann as personal representative following conflict among the heirs. The conflict stemmed from distribution of the farm machinery and the proceeds of the standing wheat.

[¶ 3] As personal representative, Gerald Feldmann filed the first inventory in the probate matter on March 23, 2012. That inventory included "7,133.31 bushels of wheat sold" at a price of $58,272.66 but did not include the farm machinery and equipment Gerald Feldmann argues was given to him as a gift before Leonhard Feldmann's death. Shannon Evans alleges the wheat crop was sold through the estate account and the tax consequences were attributed to her and Karlice Valencia. Shannon Evans objected to the first inventory, arguing it failed to include all the machinery. Gerald Feldmann signed but did not file a second inventory that included the disputed farm equipment and machinery. He made an offer to purchase some of the contested machinery to settle his dispute with Shannon Evans. In 2015, Karlice Valencia attempted to resolve the family conflict by assigning her interest in the estate to Shannon Evans through a bill of sale. Shannon Evans petitioned to re-

move Gerald Feldmann as personal representative in late 2015. In 2016, the parties stipulated to American Trust Center as successor personal representative of Leonhard Feldmann's estate and formal probate began.

[¶ 4] The district court found Leonhard Feldmann transferred the farm machinery to Gerald Feldmann as an inter vivos gift, thus excluding it from the residuary estate. The district court also found $55,821.96 in proceeds from wheat standing in the field went to Gerald Feldmann as part of the real estate devise.

### II

[¶ 5] Shannon Evans argues Gerald Feldmann did not provide clear and convincing evidence for each element of an inter vivos gift, hence the district court's ruling is clearly erroneous. "A finding of fact is clearly erroneous under N.D.R.Civ.P. 52(a) if induced by an erroneous view of the law, if no evidence exists to support the finding, or if, on the entire record, we are left with a definite and firm conviction a mistake was made." *In re Estate of Hogen*, 2015 ND 125, ¶ 36, 863 N.W.2d 876, *reh'g denied* (citing *Brandt v. Somerville*, 2005 ND 35, ¶ 12, 692 N.W.2d 144). "A valid [inter vivos] gift requires [1] an intention by the donor to then and there give the property to the donee, coupled with an actual or constructive [2] delivery of the property to the donee and [3] acceptance of the property by the donee." *Makedonsky v. N.D. Dep't of Human Servs.*, 2008 ND 49, ¶ 11, 746 N.W.2d 185 (citing *Bellon v. Bellon*, 244 N.W.2d 227, 228 (N.D. 1976); *In re Paulson's Estate*, 219 N.W.2d 132, 134 (N.D. 1974); *In re Kaspari's Estate*, 71 N.W.2d 558, 567 (N.D. 1955); *Zeman v. Mikolasek*, 75 N.D. 41, 25 N.W.2d 272, 279 (1946)). "Where a claim of a gift is not asserted until after the death of the alleged donor, the evidence must be clear and convincing of every element requisite to constitute a gift." *Schrank v. Meade*, 145 N.W.2d 514, 518 (N.D. 1966).

[¶ 6] Here, the district court heard testimony and reviewed affidavits from Karlice Valencia, weighed Gerald Feldmann's admissions, noted the absence of both the external document referenced in the will as well as tax documents, and considered accusations leveled between Shannon Evans and Gerald Feldmann. The district court found Karlice Valencia's testimony about the 2009 phone call more credible and ruled Gerald Feldmann received the machinery as an inter vivos gift. This Court does "not reweigh evidence, reassess witness credibility … or substitute [its] judgment for the trial court's decision merely because this Court may have reached a different result." *Hammeren v. Hammeren*, 2012 ND 225, ¶ 8, 823 N.W.2d 482.

[¶ 7] We conclude the district court did not err in finding an inter vivos gift of the farm machinery to Gerald Feldmann.

### III

[¶ 8] Shannon Evans argues the proceeds from wheat standing in the field when Leonhard Feldmann died belonged to the estate under the farming arrangement with Gerald Feldmann. We review questions of law de novo. *Estate of Harms*, 2012 ND 62, ¶ 7, 814 N.W.2d 783 (citing *Estate of Eggl*, 2010 ND 104, ¶ 10, 783 N.W.2d 36).

[¶ 9] Here, the district court found the standing wheat passed to Gerald Feldmann as part of the real estate. The district court found the proceeds from the wheat harvested prior to Leonhard Feldmann's death became part of the residuary estate, passing to Shannon Evans and Karlice Valencia. The remaining proceeds went to Gerald Feldmann as devisee of the

real estate according to Leonhard Feld-mann's will;

[¶ 10] "Growing crops are part of the real estate." *Schlichenmayer v. Luithle*, 221 N.W.2d 77, 83 (N.D. 1974) (citing *Tanous v. Tracy*, 55 N.D. 100, 212 N.W. 521 (1927)). Real property passes to heirs immediately upon death of the devisor. *Noss v. Hagen*, 274 N.W.2d 228, 232–33 (N.D. 1979). We therefore conclude the district court did not err in finding the standing wheat passed to Gerald Feld-mann.

IV

[¶ 11] We affirm the order.

[¶ 12] Daniel J. Crothers

Jerod E. Tufte

Jon J. Jensen

Steven L. Marquart, D.J.

Gerald W. VandeWalle, C.J.

[¶ 13] The Honorable Steven L. Marquart, D.J., sitting in place of McEvers, J., disqualified.