JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendants-appellants, Paul Andrews ("Andrews") and Z. Elise L. Farrell ("Farrell") (collectively referred to as "defendants"), appeal from a decision of the Common Pleas Court that granted plaintiff-appellee, Bonnieville Towers Condominium Owners Association Inc.'s ("Bonnieville"), motion for summary judgment. Upon review, we conclude that there are no genuine issues of material fact and that Bonnieville is entitled to judgment as a matter of law on their claims. Accordingly, we affirm the trial court's decision.
 {¶ 2} A review of the record reveals the following facts: On May 11, 2004, Bonnieville obtained a judgment against Andrews in Euclid Municipal Court in the amount of $10,829.48, plus interest and court costs. Andrews did not appeal this decision.
 {¶ 3} On June 8, 2004, Bonnieville filed a judgment lien upon the realty owned by Andrews located at 3914 Bluestone Road, Cleveland Heights, Ohio.
 {¶ 4} On September 8, 2004, Bonnieville filed a complaint to foreclose upon the aforementioned judgment lien. On November 26, 2004, Andrews filed a notice of appearance and on December 30, 2004, filed his answer.
 {¶ 5} On May 6, 2005, while the foreclosure complaint was pending in this Court, Andrews filed a motion to vacate the judgment entered by the Euclid Municipal Court. This motion was denied by the Euclid court. Andrews appealed that decision to this Court. On May 4, 2006, this Court affirmed the decision of the Euclid Municipal Court and held that Andrews failed to satisfy the three-prong test *Page 4 
under Civ.R. 60(B) to vacate a judgment. Specifically, this Court noted that Andrews failed to timely appeal the Euclid court's decision, that Andrews failed to appear, that there was no excusable neglect, and that the 60(B) motion was not brought within a reasonable time. SeeBonnieville Towers Condominium Owners Association v. Paul Andrews, Cuyahoga App. No. 86868, 2006-Ohio-22219.
 {¶ 6} On May 3, 2005, the trial court granted Bonnieville's motion for summary judgment against Andrews. Due to a potential dower interest on the property, Bonnieville filed an amended complaint naming Andrews' wife, Z. Elise L. Farrell, as a new party defendant. On February 13, 2007, the Common Pleas Court granted Bonnieville's unopposed[1] motion for summary judgment against Farrell and extinguished her dower interest in the property.
 {¶ 7} On February 26, 2007, the magistrate issued a lengthy decision granting foreclosure to Bonnieville. On April 12, 2007, the trial court overruled the objections and adopted the magistrate's decision with two minor corrections. It is from this decision that the defendants now appeal and raise nine assignments of error for our review, some of which shall be addressed together and out of order where appropriate.
 {¶ 8} "I. The trial court lacked in personam jurisdiction over defendant Paul Andrews." *Page 5 
 {¶ 9} In the first assignment of error, defendants claim that the foreclosure judgment entered by the trial court is void since Andrews did not receive proper service of the complaint. Service of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond.Akron-Canton Regional Airport Authority v. Swinehart (1980),62 Ohio St.2d 403, 406. Accordingly, a complaint is to be served at an address where there is a reasonable expectation that service will be accomplished. United Home Fed. v. Rhonehouse (1991), 76 Ohio App.3d 115,124.
 {¶ 10} Civ.R. 4.6(D) provides that if service by certified mail is returned "unclaimed," the clerk shall send service by ordinary mail to the defendant at "either the address in the caption, or at the address set forth in the written instructions provided to the clerk." The rule further provides that "[s]ervice shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery."
 {¶ 11} The plaintiff in a case bears the burden of achieving proper service on a defendant. Cincinnati v. Emge (1997), 124 Ohio App.3d 61,63. In those instances where the plaintiff follows the civil rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence. Id. A party's affidavit, if unchallenged, is sufficient to overcome the presumption of service. Rafalski v. Oates (1984), 17 Ohio App.3d 65, 66. *Page 6 
 {¶ 12} Here, Bonnieville filed its complaint on September 8, 2004. On September 16, a copy of the summons and complaint was sent by certified mail, return receipt requested, to Andrews' home address at 3914 Bluestone Road, Cleveland Heights, Ohio. It was returned "unclaimed." Thereafter, upon request, service was reissued to Andrews by ordinary mail at the same address. The record does not indicate that the letter was returned undelivered. Accordingly, Bonnieville complied with Civ.R. 4.6 in their efforts to serve Andrews, and the presumption of completed service attached.
 {¶ 13} In rebuttal, Andrews filed an affidavit asserting that he was living in New York at the time the complaint was served and that he did not personally sign for the complaint. Citing Rafalski v. Oates (1984),17 Ohio App.3d 65, Andrews claims that his affidavit rebuts the presumption of service against him and, thus, the judgment against him is void.
 {¶ 14} Defendants' reliance on Rafalski is misplaced.Rafalski and its progeny deal with default judgments where the party never received a copy of the complaint and thus never appeared. Here, Andrews is not claiming that he did not actually receive a copy of the complaint against him. In fact, following Bonnieville's compliance with the service provisions under Civ.R. 4.6, Andrews filed a notice of appearance, filed an answer and vigorously participated in the litigation. Moreover, Andrews' affidavit that he did not receive proper service of the complaint is rebutted and refuted by the evidence in the record. Andrews never claimed that the *Page 7 
Bluestone address is not his residence or that he officially changed his residence during that time.[2] In fact, the Bluestone address is the address listed in his initial filings with the trial court. The fact that Andrews may have been living in New York for a period of time does not change the fact that serving him at the Bluestone address was reasonably calculated to apprise him of the action pending against him and gave him an opportunity to appear.[3]
 {¶ 15} Defendants' first assignment of error is overruled.
 {¶ 16} "II. The trial court lacked subject matter jurisdiction due to doctrines of claim and issue preclusion."
 {¶ 17} In the second assignment of error, defendants claim that the trial court's judgment is void because the court did not have subject matter jurisdiction over the case. Specifically, defendants allege that res judicata bars this case because, in 2002, in Case No. CV-477293, Bonnieville obtained an order of foreclosure against Andrews. *Page 8 
 {¶ 18} The doctrine of res judicata provides that a valid, final judgment rendered upon the merits of a case bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. Manohar v. MassillonCommunity Hospital (1997), 122 Ohio App.3d 715, 718.
 {¶ 19} Here, Bonnieville is seeking to foreclose upon the Bluestone residence to satisfy its judgment lien. The record indicates that Case No. CV-477293 was a foreclosure judgment upon a different parcel of real property owned by defendants. Accordingly, res judicata does not bar the present action and the trial court had proper jurisdiction over the case.
 {¶ 20} Defendants' second assignment of error is overruled.
 {¶ 21} "V. The trial court committed plain error and violated the appellants' constitutional rights by conducting its final summary judgment hearing more than six days before the scheduled date without giving prior notice to either party."
 {¶ 22} In the fifth assignment of error, defendants raise a few issues with regard to the trial court's rulings on summary judgment. First, defendants argue that the magistrate erred in issuing his decision before the court's deadline had passed.
 {¶ 23} The record indicates that the court established a dispositive motion deadline of February 19, 2007. On January 2, 2007, Bonnieville filed its motion for summary judgment. Contrary to defendants' assertion, they did not have until February 19, 2007 to file its response. Rather, pursuant to Loc.R. 11(I), defendants *Page 9 
had 30 days from January 2, 2007, to file their response brief with supporting evidence. Accordingly, we do not find that the magistrate erred in issuing his decision on February 13, 2007, six days prior to the dispositive deadline motion.
 {¶ 24} Next, defendants argue that the trial court abused its discretion in denying defendants' motion for an extension of time to file a brief in opposition to Bonnieville's motion for summary judgment against Farrell.
 {¶ 25} Pursuant to Civ.R. 56(F), a party opposing a motion for summary judgment may obtain a continuance pursuant to Civ.R. 56(F) by submitting affidavits which state a factual basis and which provide sufficient reasons for the lack of supporting affidavits and the need for additional time to permit affidavits to be obtained or further discovery to be had. Gates Mills Investment Co. v. Pepper Pike (1978),59 Ohio App.2d 155, 168-169. A trial court has discretion to grant or deny a request for a continuance pursuant to Civ.R. 56(F), and its decision will not be overruled absent an abuse of discretion. Id.
 {¶ 26} Here, defendants failed to respond to Bonnieville's motion for summary judgment within the 30 days required under Loc.R. 11(I). Instead, three days after the magistrate issued its decision, defendants requested an extension of time in which to respond, which was denied by the trial court.
 {¶ 27} Under the circumstances presented in this case, we find that defendants have failed to establish that the trial court abused its discretion by denying their request for an extension of time. The request was filed several days after the motion *Page 10 
was due, and, in fact, three days after the magistrate had already issued its decision. Also, the motion was not accompanied by a Civ.R. 56(F) affidavit. See State ex rel. Coulverson v. Ohio Adult ParoleAuth. (1991), 62 Ohio St. 3d 12, 14 (a court cannot act pursuant to Civ.R. 56(F) where no affidavit is presented to support the request for an extension.) Accordingly, we cannot say the trial court's decision was arbitrary, unreasonable, or unconscionable.
 {¶ 28} Defendants' fifth assignment of error is overruled.
 {¶ 29} "VI. The trial court's foreclosure judgment is unlawful, erroneous, and an abuse of discretion because `the law of the case doctrine' was improperly used to prevent consideration of all of the genuine issues of material fact supporting appellants' pleadings and evidence."
 {¶ 30} In the sixth assignment of error, defendants argue that the trial court erred in finding the "law of the case doctrine" applicable to the case at hand.
 {¶ 31} Our review of the record does not show that the trial court used the term "law of the case" when referring to prior claims against the defendants. Rather, the trial court correctly noted that many of the claims raised by the defendants, such as the validity of the original judgment lien obtained in the Euclid Municipal Court, had not been appealed and thus were barred by res judicata.
 {¶ 32} The sixth assignment of error is overruled.
 {¶ 33} "VII. The appellant spouse had the right to present defenses, claims, and arguments against sale of her residence. *Page 11 
 {¶ 34} "IX. The magistrate unlawfully sustained the appellee's motions to dismiss the appellants' pleadings, violating Ohio law, the appellants' due process rights, and committing reversible error."
 {¶ 35} In the seventh and ninth assignments of error, defendants argue that the trial court erred in dismissing Farrell's affirmative defenses and counterclaims to the amended complaint filed by Bonnieville.
 {¶ 36} Bonnieville filed an amended complaint naming Farrell as a new party defendant to ensure an adjudication of her dower interest in the Bluestone property. Summary judgment had already been granted against Andrews.[4] Defendants' answer and counterclaims to the amended complaint contained affirmative defenses and counterclaims that were not available to Farrell because she has no standing to present any of these defenses or claims against the foreclosure of the Bluestone property. Farrell was not a title holder in the Bluestone property. She was named in the amended complaint solely to determine her dower interest, if any, in the property.
 {¶ 37} Pursuant to R.C. 2103.041, "in any action involving the judicial sale of real property for the purpose of satisfying the claims of creditors of an owner of an interest in the property, the spouse of the owner may be made a party to the action, and the dower interest of the spouse, whether inchoate or otherwise, may be subjected to the sale without the consent of the spouse." See Long v. Long (1919),99 Ohio St. 33. *Page 12 
 {¶ 38} The seventh and ninth assignments of error are overruled.
 {¶ 39} "VIII. The magistrate unlawfully sustained the appellee's motions to dismiss the appellants' pleadings, violating Ohio law, the appellants' due process rights, and committing reversible error."
 {¶ 40} In the eighth assignment of error, defendants argue that the trial court cannot order foreclosure of the Bluestone property because the judgment upon which it is based is void, voidable, and invalid. Specifically, defendants argue that R.C. 5321.18(A) should have been applied to limit the amount of the judgment obtained against them.
 {¶ 41} Andrews did not take the proper action with regard to challenging the underlying judgment from which the within foreclosure action stemmed. Andrews did not appeal the decision of the Euclid Municipal Court. Although Andrews filed a motion to vacate that judgment, that motion was denied by the Euclid Court, and later affirmed by this Court. See Bonnieville Towers, supra. As such, the judgment lien acquired by Bonnieville in the Euclid Municipal Court is a valid judgment and is not subject to collateral attack by the defendants.
 {¶ 42} The eighth assignment of error is overruled.
 {¶ 43} "III. The trial court erred by failing to apply the proper legal standard in granting the appellee's summary judgment motions. *Page 13 
 {¶ 44} "IV. The trial court committed prejudicial error and abused its discretion by granting summary judgment and failing to recognize genuine issues of material fact in this case."
 {¶ 45} In these assignments of error, defendants claim that the trial court erred in granting summary judgment in favor of Bonnieville because genuine issues of material fact existed concerning the legitimacy of Bonnieville's claims against them.
 {¶ 46} An appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial."Brewer v. Cleveland City Schools (1997), 122 Ohio App.3d 378, citingDupler v. Mansfield Journal (1980), 64 Ohio St.2d 116, 119-120.
 {¶ 47} Summary judgment is appropriate where it appears that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v.Willis Day Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
 {¶ 48} The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove *Page 14 
its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc., which affirmatively demonstrate that the nonmovant has no evidence to support his claims. Dresher v. Surf (1996), 75 Ohio St.3d 280, 293; Civ.R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant. Material facts are those facts that might affect the outcome of the suit under the governing law of the case. Turner v.Turner (1993), 67 Ohio St. 3d 337, 340. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Id.
 {¶ 49} With these principles in mind, we proceed to consider whether the trial court's grant of summary judgment in Bonnieville's favor was appropriate.
 {¶ 50} Here, the record demonstrates that Bonnieville has a valid judgment lien against Andrews in the amount of $10,829.48, plus interest and court costs. Accordingly, Bonnieville supported its motion for summary judgment with sufficient facts showing that it is entitled to seek foreclosure of the Bluestone property.
 {¶ 51} In opposition to Bonnieville's motion, defendants filed a brief wherein they set forth various reasons why Bonnieville's motion should not be granted. First, defendants deny the validity of the judgment lien, claiming that (1) it was obtained by fraud, (2) it is barred by the two-year statute of limitations pursuant to R.C. 2329.08, *Page 15 
and (3) the amount of the judgment should have been limited by R.C.5311.18. However, all of these defenses are issues that should have been raised in a direct appeal of the Euclid Municipal court's decision. Since Andrews did not appeal the judgment, it is not subject to collateral attack by the defendants. Accordingly, defendants did not present sufficient evidence to defeat Bonnieville's motion on these grounds.
 {¶ 52} Next, defendants claim that the trial court erred in granting summary judgment because Andrews was not properly served with the complaint. We have already determined that Andrews received sufficient service of process in the first assignment of error. Accordingly, defendants did not present sufficient evidence to defeat Bonnieville's motion on this ground.
 {¶ 53} Next, defendants claim that the trial court erred in granting summary judgment because Bonnieville already obtained a foreclosure judgment against Andrews in 2002. In the second assignment of error, we determined that res judicata does not bar judgment in this case since the foreclosure judgment obtained in 2002, Case No. CV-477293, was upon a different parcel of real property owned by Andrews. Accordingly, defendants did not present sufficient evidence to defeat Bonnieville's motion on this ground.
 {¶ 54} In sum, we find that Bonnieville demonstrated that it had "an absolute legal right" to call the judgment against Andrews and foreclose upon the Bluestone property. Defendants did not present genuine issues of material fact necessary to *Page 16 
defeat Bonnieville's motion for summary judgment. Accordingly, the trial court properly granted Bonnieville's motion for summary judgment.
 {¶ 55} The third and fourth assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] On February 16, 2007, three days after the decision was granted, Farrell moved for an extension of time to oppose summary judgment. This was denied by the trial court. However, on February 23, 2007, Farrell filed a brief in opposition.
[2] See Koziol v. Refe (Dec. 10, 1993), Geauga App. No. 93-G-1769 (defendant received proper service even though he was allegedly out of the country at the time of service); City of Hamilton v. Digonno, Butler App. No. CA2005-03-075, 2005-Ohio-6552 (defendant properly served at home address where he listed it as his address in subsequent filings);Erie Insurance v. Williams (Dec. 20, 2006), Summit App. No. 23157.
[3] See Rhonehouse, supra at 124 (service need not be made to the party's actual address so long as it is made to an address where there is a reasonable expectation that service will be delivered to the party.)
[4] See journal entry dated May 3, 2005. *Page 1