Tufte, Justice.
 

 *680
 
 [¶ 1] Herma Altshule and others ("Altshule defendants") appeal from a judgment in a quiet title action construing two mineral deeds in favor of Gerrity Bakken, LLC. Because the district court did not err in its construction of the deeds and in quieting title, we affirm the judgment.
 

 I
 

 [¶ 2] This case involves two mineral deeds issued by Alice Rozan to Gustave Goldstein and William Murray in 1964. At the time, Rozan owned the following interests in McKenzie Country land relevant to this case: "An undivided ½ interest in and to all of the oil, gas and other minerals in and under ... [property description]"; "An undivided
 
 [10]
 
 /
 
 200
 
 th interest in and to all of the oil, gas and other minerals in and under ... [property description]"; and "An undivided ? interest in and to all of the oil, gas and other minerals in and under ... [property description]."
 

 [¶ 3] Rozan conveyed the following to Goldstein:
 

 [A]n undivided one-eighth (? th) interest in and to all of the oil, gas ... and other minerals in and under and that may be produced from the following described lands ...
 

 [other property not at issue here]
 

 An undivided
 
 [10]
 
 /
 
 200
 
 th interest in and to all of the oil, gas and other minerals in and under ... [property description.]
 

 An undivided ½ interest in and to all of the oil, gas and other minerals in and under ... [property description].
 

 [¶ 4] Rozan conveyed the following to Murray:
 

 [A]n undivided three-fortieths (
 
 [3]
 
 /
 
 40
 
 ths) interest in and to all of the oil, gas ... and other minerals in and under and that may be produced from the following described lands ...
 

 [other property not at issue here]
 

 An undivided
 
 [10]
 
 /
 
 200
 
 th interest in and to all of the oil, gas and other minerals in and under ... [property description.]
 

 An undivided ½ interest in and to all of the oil, gas and other minerals in and under ... [property description].
 

 [¶ 5] Through numerous conveyances over the years, the Altshule defendants, Devereaux Foundation, and Pacific Oaks College and Children's School succeeded to part of the interests of Goldstein and Murray. In 2011 Pacific Oaks College and Children's School and Devereux Foundation granted oil and gas leases to Robert Gerrity, who assigned his interests to various companies culminating in Gerrity Bakken holding the leases. All conveyances and assignments were duly recorded.
 

 [¶ 6] After production began on the property, Pacific Oaks College and Children's School, Devereux Foundation, and others brought a quiet title action in 2013 naming as defendants the Altshule defendants and others. Gerrity Bakken was not named as a party, nor was Gerrity or any intermediate holder of the leases. The amended complaint also did not include as defendants " '[a]ll other persons unknown
 
 *681
 
 claiming any estate or interest in, or lien or encumbrance upon, the property described in the complaint.' " N.D.C.C. § 32-17-05 ("In an action to determine adverse claims, all persons appearing of record to have estates or interests in, or liens or encumbrances upon, the property, and all persons in possession, may be joined as defendants."). The parties argued about the extent of the interests Rozan conveyed to Goldstein and Murray in the 1964 mineral deeds. The district court granted the defendants' motion for summary judgment, concluding:
 

 The unambiguous intent of Alice F. Rozan in making the Murray Deed and the Goldstein Deed was to convey the fraction stated in the granting clause of each deed (three-fortieths as to the Murray Deed and one-eighth as to the Goldstein Deed) as to the whole of each property legally described thereafter.
 

 [¶ 7] Shortly after judgment was entered in the 2013 quiet title action, Gerrity Bakken commenced this second quiet title action against the Altshule defendants, other persons of record, and "all other persons unknown claiming" an interest in the property, seeking an interpretation of the Goldstein and Murray deeds. The district court granted summary judgment in favor of Gerrity Bakken, and arrived at a conclusion different from that reached by the court in the 2013 action:
 

 Every term of the deed must be given effect, if possible. Therefore, the ? th interest granted to Gustave Goldstein needs to be reduced by the subsequent fractions, namely
 
 [10]
 
 /
 
 200
 
 ths and ½ in the legal descriptions. Likewise, the
 
 [3]
 
 /
 
 40
 
 th interest granted to William S. Murray needs to be reduced by
 
 [10]
 
 /
 
 200
 
 ths and ½ in the legal descriptions.
 

 II
 

 [¶ 8] Our standard for reviewing summary judgments is well-established:
 

 Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.
 

 Arnegard v. Arnegard Twp.
 
 ,
 
 2018 ND 80
 
 , ¶ 18,
 
 908 N.W.2d 737
 
 (quoting
 
 Poppe v. Stockert
 
 ,
 
 2015 ND 252
 
 , ¶ 4,
 
 870 N.W.2d 187
 
 ).
 

 [¶ 9] The Altshule defendants argue the district court erred in interpreting the 1964 deeds from Rozan to Goldstein and Murray. In
 
 Johnson v. Shield
 
 ,
 
 2015 ND 200
 
 , ¶ 7,
 
 868 N.W.2d 368
 
 , we explained:
 

 We interpret deeds in the same manner as we interpret contracts. N.D.C.C. § 47-09-11. The primary purpose in construing a deed is to ascertain and effectuate the grantor's intent at the time of the conveyance.
 
 Wagner v. Crossland Constr. Co., Inc.
 
 ,
 
 2013 ND 219
 
 , ¶ 8,
 
 840 N.W.2d 81
 
 ; N.D.C.C. § 9-07-03. The intent
 
 *682
 
 must be ascertained from the writing alone, if possible. N.D.C.C. § 9-07-04. A contract must be construed as a whole to give effect to each provision, if reasonably possible. N.D.C.C. § 9-07-06. If rational arguments can be made in support of contrary positions as to the term, phrase, or clause in question, a deed is ambiguous and a district court may consider extrinsic evidence to determine the parties' intent.
 
 In re Estate of Dionne
 
 ,
 
 2009 ND 172
 
 , ¶ 16,
 
 772 N.W.2d 891
 
 . Whether a deed is ambiguous is a question of law, which is fully reviewable on appeal.
 
 Wagner
 
 , at ¶ 8.
 

 [¶ 10] The Altshule defendants argue the ? th and
 
 [3]
 
 /
 
 40
 
 ths fractions in the granting clauses should be applied to 100 percent of the property described in the deeds. Gerrity Bakken argues, and the district court concluded, that the fraction in each granting clause must be applied to the fractions qualifying the individual descriptions of the property interests conveyed by the granting clause. We agree with Gerrity Bakken and the district court that the deeds should be interpreted to convey a fraction of a fraction.
 

 [¶ 11] The deeds convey a fraction of Rozan's fractional mineral interests in the subject properties. This sensible construction is supported by the plain and unambiguous language in the deeds as well as 1 Williams & Meyers,
 
 Oil and Gas Law
 
 § 309 n.4 (2017), and the case cited in the treatise to support the proposition,
 
 Mitchel v. Brown
 
 ,
 
 43 Cal.App.2d 217
 
 ,
 
 110 P.2d 456
 
 (1941). In
 
 Mitchel
 
 , the grantor conveyed an undivided 2½ percent of all oil, gas and other minerals "in the following described property ... [property description] ... An undivided ½ of Parcel No. 5."
 

 Id.
 

 at 456-57
 
 . The lower court had ruled the plaintiffs were entitled to 2½ percent of the oil, gas and other minerals underlying the entire 160 acres of land.
 

 Id.
 

 at 457
 
 . After citing rules of deed construction similar to ours, the appellate court disagreed:
 

 Applying these rules of construction to the deed before us, we can only conclude that it was the intention of the grantors to convey 2½ per cent of the oil, gas, etc., recovered from the land they actually owned, which was an undivided half interest in 160 acres, and that they did not intend to convey that percentage of all the oil recovered from the entire tract, as held by the trial court. The grantors were in the position of having a deed before them to execute, which conveyed 2½ per cent of all oil, gas, etc., in certain land, including 160 acres of land in which they held only an undivided one-half interest. Before signing, they inserted in handwriting, the words "an undivided ½ of", before the description of the property in which they held only a one-half interest. This left the deed reading 2½ per cent of all oil, gas, etc., in an undivided one-half of the land in question. Their intention in so doing was quite clear. It was to limit the 2½ per cent royalty to the undivided interest which they owned, and exclude it as to the interest they did not own. If, as contended by respondents, they still intended to convey a 2½ per cent of the oil in the entire 160 acres of land, they were doing a meaningless and useless act....
 

 ....
 

 Our conclusion is, that the only reasonable construction to be placed upon said deed is, that it only conveyed a 2½ per cent interest in the oil, gas, etc., in the property which was owned by the grantors, to-wit, an undivided one-half interest in the quarter section, and not in the entire 160 acres of land, and that the findings and judgment are not supported by the evidence.
 

 *683
 

 Id.
 

 at 458
 
 . The
 
 Mitchel
 
 court's analysis is sound. We construe the deeds as a whole to give effect to each provision, and the Altshule defendants do not offer a logical explanation why the second fraction in the Goldstein and Murray deeds, which indicates the fraction owned by the grantor, should be ignored.
 

 [¶ 12] The Altshule defendants rely on
 
 Hild v. Johnson
 
 ,
 
 2006 ND 217
 
 , ¶ 3,
 
 723 N.W.2d 389
 
 . In that case, the deed described the land conveyed as "All of Section Twenty-one (21) ... containing 582.76 acres, more or less," which was less than the 640 acres in the section. We held that "[w]hen there is a discrepancy in a deed between the specific description of the property conveyed and an expression of the quantity conveyed, the specific description is controlling."
 
 Id.
 
 at ¶ 13. Here, there is no discrepancy between the description of the property conveyed and the quantity conveyed in the deeds.
 

 [¶ 13] In
 
 Averyt v. Grande, Inc.
 
 ,
 
 717 S.W.2d 891
 
 , 893 (Tex. 1986), the court held that "[i]f the deed reserves a fraction of the minerals under the land
 
 conveyed
 
 , then the deed reserves a fraction of the part of the mineral estate actually owned by the grantor and conveyed in the deed," but if "the deed reserves a fraction of the minerals under the land
 
 described
 
 , the deed reserves a fraction of the minerals under the entire physical tract, regardless of the part of the mineral estate actually conveyed." The Altshule defendants argue the "compelling rationale" of the
 
 Averyt
 
 court "results in the Rozan deeds conveying the stated fraction of all of the described lands, without reduction on account of any fractions mentioned alongside the legal descriptions." However, the court noted that "here the interest conveyed is the same as the interest described," and the grantor "reserved one-fourth of the royalty from the
 
 lands
 
 described, not from the interest described."
 

 Id.
 

 at 895
 
 .
 
 Averyt
 
 does not hold that the language "following described lands" renders any fraction immediately preceding a property description subject to a deed's granting clause irrelevant to defining the interest conveyed. While
 
 Averyt
 
 may support the proposition that a reservation of an interest in property as a whole can apply to property beyond the more limited estate conveyed, it has little relevance to the deeds at issue in this case. To the extent
 
 Averyt
 
 can be interpreted to support the Altshule defendants' argument, we believe the
 
 Mitchel
 
 court's analysis is more persuasive.
 

 [¶ 14] We conclude the district court did not err in construing the deeds to convey an interest in the subject property which results from multiplying the granting clause fraction and the property description fraction.
 

 III
 

 [¶ 15] The Altshule defendants nevertheless argue the district court erred in quieting title in favor of Gerrity Bakken.
 

 [¶ 16] The Altshule defendants argue the district court erred because it quieted title in favor of parties that do not appear in the chain of title. They claim no instrument of record conveys an interest from Devereaux Foundation to Devereux Foundation or from Pacific Oaks College and Children's School to Pacific Oaks Education Corporation. First, the absence of an "a" in the spelling of Devereux is immaterial. "The law presumes that differently spelled names refer to the same person when they sound alike or when common usage has by corruption or abbreviation made their pronunciation identical." 1
 
 Patton and Palomar on Land Titles
 
 § 78 (3rd ed. 2003);
 
 see also
 

 State v. Laymon
 
 ,
 
 217 Neb. 464
 
 ,
 
 348 N.W.2d 902
 
 , 903 (1984) ; SBAND Title Standards 10-01 (2012) ("Names which sound alike should be presumed
 
 *684
 
 to refer to the same person in the absence of knowledge to the contrary."). Second, in the 2013 quiet title action, it appears to have been undisputed and the district court specifically found that "Pacific Oaks Education Corporation is the same party as 'Pacific Oaks College and Children's School.' " This argument is without merit.
 

 [¶ 17] The Altshule defendants also argue this quiet title action constitutes an impermissible collateral attack on the 2013 quiet title judgment. A quiet title or declaratory judgment is not binding on any persons having interests in leases and wells who were not made parties to the action.
 
 See
 

 Golden v. SM Energy Co.
 
 ,
 
 2013 ND 17
 
 , ¶ 21,
 
 826 N.W.2d 610
 
 ;
 
 see also
 

 Nord v. Herrman
 
 ,
 
 2001 ND 11
 
 , ¶ 14,
 
 621 N.W.2d 332
 
 ("The judgment is not binding on other property owners in the area who were not made parties to this action and who might have a claim to the subject property."). Gerrity Bakken and its predecessors, "persons appearing of record" to have an interest in the property, were not made parties to the 2013 quiet title action. N.D.C.C. § 32-17-05. "[U]nless one is a party to a proceeding or in privity with those who are parties to an action, he cannot be bound by the judgment in that action."
 
 Sturdevant v. SAE Warehouse, Inc.
 
 ,
 
 270 N.W.2d 794
 
 , 799 (N.D. 1978) (footnote omitted). However, the privity doctrine cannot be applied if the rights to property were acquired by the person sought to be bound before the adjudication.
 
 See
 

 Hull v. Rolfsrud
 
 ,
 
 65 N.W.2d 94
 
 , 98 (N.D. 1954). Here, because Gerrity Bakken and its predecessors acquired their interest from Pacific Oaks College and Children's School and Devereux Foundation in 2011, two years before the 2013 quiet title action, the privity doctrine does not apply.
 
 See
 

 id
 
 . This is not an impermissible collateral attack on the 2013 quiet title judgment.
 

 [¶ 18] We have often said that in a quiet title action all persons appearing of record to have a possible claim or interest in the land involved should be made parties.
 
 See
 

 Wacker Oil, Inc. v. LoneTree Energy, Inc.
 
 ,
 
 459 N.W.2d 381
 
 , 383 (N.D. 1990) ;
 
 Williams Co. v. Hamilton
 
 ,
 
 427 N.W.2d 822
 
 , 824 (N.D. 1988) ;
 
 see also
 

 Woodland v. Woodland
 
 ,
 
 147 N.W.2d 590
 
 , 593 Syll. ¶ 1 (N.D. 1966) (in a quiet title action a person appearing of record as having a possible claim to or interest in the land involved is a "necessary party to the action" and attempted service upon the person as "unknown persons" is insufficient to give the court jurisdiction under N.D.C.C. § 32-17-06 ). The Altshule defendants blame Pacific Oaks College and Children's School and Devereux Foundation for failing to name all necessary parties in the 2013 quiet title action, but N.D.R.Civ.P. 19 allows a motion by any party, and the court on its own motion, to add necessary parties.
 
 See
 

 Belden v. Hambleton
 
 ,
 
 554 N.W.2d 458
 
 , 461 (N.D. 1996) ;
 
 see also
 

 Hook v. Hook & Ackerman, Inc.
 
 ,
 
 187 F.2d 52
 
 , 59 n.7 (3rd Cir. 1951) ;
 
 Selman v. Am. Sports Underwriters, Inc.
 
 ,
 
 697 F.Supp. 225
 
 , 231 (W.D. Va. 1988). The Altshule defendants did not move to join persons necessary to "accord complete relief." N.D.R.Civ.P. 19(a)(1)(A).
 

 [¶ 19] The Altshule defendants argue the district court erred in essentially setting aside the 2013 quiet title judgment. "A non-party, however, may maintain a suit to set aside the allegedly damaging judgment if he has an interest which is jeopardized by enforcement of the judgment and the circumstances support a present grant of relief."
 
 Gulfstream Bldg. Assocs., Inc. v. Britt
 
 ,
 
 239 Va. 178
 
 ,
 
 387 S.E.2d 488
 
 , 490 (1990) ;
 
 see also
 

 In re Lovitt
 
 ,
 
 757 F.2d 1035
 
 , 1039 (9th Cir. 1985) ;
 

 *685
 

 In re La Sierra Fin. Servs., Inc.
 
 ,
 
 290 B.R. 718
 
 , 730-31 (9th Cir.BAP 2002) ; Restatement (Second) of Judgments § 76 (1982). Because Gerrity Bakken was not a "party or its legal representative" in the 2013 action, the Altshule defendants' suggestion that Gerrity Bakken should have sought N.D.R.Civ.P. 60(b) relief was not an option,
 
 see
 

 Lovitt
 
 , at 1039-40, unless it was accompanied by a motion for intervention after judgment under N.D.R.Civ.P. 24.
 
 See
 

 City of Grand Forks v. Mik-Lan Recreation Ass'n, Inc.
 
 ,
 
 421 N.W.2d 806
 
 , 809 (N.D. 1988).
 

 [¶ 20] The Altshule defendants argue the district court should have left portions of the 2013 judgment intact and somehow factored in the interests found for the parties who were not named in the 2013 action. However, the judgments conflict and the Altshule defendants have not logically explained how it could be accomplished. This case illustrates the frail nature of a quiet title action and judgment that fails to include as parties persons of record and others who appear to have an interest in the subject property. We recognize that N.D.C.C. § 32-17-05 states these persons "may be joined as defendants" in a quiet title action, but our caselaw has warned of the potential consequences of failing to include them as defendants. Here, the amended complaint and judgment in the 2013 quiet title action on their face suggested the possibility of future problems because they did not include as defendants " '[a]ll other persons unknown' " claiming an interest in the property.
 

 Id.
 

 ;
 
 see also
 
 N.D.C.C. § 32-17-07 (describing affidavit of publication for service on unknown defendants). Parties to a quiet title action that does not name all necessary parties would be well advised to move for joinder under N.D.R.Civ.P. 19 so title can actually be quieted.
 

 [¶ 21] We conclude the district court did not err in quieting title in favor of Gerrity Bakken.
 

 IV
 

 [¶ 22] We need not address other arguments raised because they are unnecessary to the decision or are without merit. The judgment is affirmed.
 

 [¶ 23] Jerod E. Tufte
 

 Daniel J. Crothers
 

 Lisa Fair McEvers
 

 Jon J. Jensen
 

 Gerald W. VandeWalle, C.J.