# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2019 ND 261

| | |
|---|---|
| Howard F. Fettig, | Plaintiff and Appellee |

v.

Estate of Anton L. Fettig, Gerald A. Cullen
as Conservator for S.F.F., Charles E. Fettig,
Morgen J. Fettig, Gabriel W. Fettig, and all
other persons known and unknown having or claiming
any right, title, estate or interest in or lien
or encumbrance upon the real property described
in the complaint, whether as heirs, devisees,
legatees or Personal Representatives of the
aforementioned parties or as holding any claim
adverse or Plaintiffs' ownership or any cloud
upon Plaintiffs' title thereto,         Defendants

and

Anton Jacob Fettig,         Defendant and Appellant

## No. 20190102

| | |
|---|---|
| Morgen J. Fettig, | Plaintiff and Appellee |

v.

Estate of Anton L. Fettig, Gerald A. Cullen
as Conservator for S.F.F., Charles E. Fettig,
Howard F. Fettig, Gabriel W. Fettig, and all
other persons known and unknown having or claiming
any right, title, estate or interest in or lien
or encumbrance upon the real property described
in the complaint, whether as heirs, devisees,
legatees or Personal Representatives of the

aforementioned parties or as holding any claim
adverse or Plaintiffs' ownership or any cloud
upon Plaintiffs' title thereto,                    Defendants

     and

Anton J. Fettig,                    Defendant and Appellant

---

No. 20190103

---

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Robin A. Schmidt, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Christina M. Wenko, Dickinson, ND for plaintiffs and appellees.

Nathan M. Bouray, Dickinson, ND for defendant and appellant.

**VandeWalle, Chief Justice.**

[¶1] Anton Jacob Fettig appealed from two district court judgments quieting title to real property in McKenzie County. We conclude the district court erred in determining that the deed conveying the property was void, but that the issue is barred by collateral estoppel. We affirm.

I

[¶2] Anton L. Fettig (Anton) owned three parcels of real property located in McKenzie County [hereinafter referred to as section 5, section 17, and section 22].[1] On December 19, 2001, Anton executed a warranty deed conveying sections 5, 17, and 22 to his two minor children, A.J.F. and S.F.F. Anton recorded the deed the same day. At the time of the conveyance, A.J.F. and S.F.F. were approximately three and five years of age.

[¶3] On March 15, 2004, Anton received an email from Margit Williams, an attorney with the United States Department of Agriculture, stating that the Department considered the 2001 deed void, and that Anton still owned the land. As a result of this email, and in an attempt to clear title to the land, Anton executed a warranty deed on April 14, 2004, conveying the land back to himself. The deed named Anton as both the grantor and grantee. The deed was recorded the same day.

---

[1] The legal descriptions of these sections of property are as follows:

Township 149 North, Range 94 West, 5th PM
Section 5: Lots 3 and 4, S1/2 NW 1/4, SW1/4

Township 149 North, Range 94 West of the 5th PM
Section 17: S1/2

Township 149 North, Range 94 West of the 5th PM
Section 22: W1/2

[¶4]   On June 21, 2005, Anton executed a quitclaim deed conveying section 17 to his son Howard Fettig. The deed was recorded on May 11, 2006.

[¶5]   On July 10, 2005, Anton executed a quitclaim deed conveying section 22 to his son Morgen Fettig. Also on July 10, 2005, Anton deeded section 5 to his son Charles Fettig. These deeds were both recorded on May 1, 2006.

[¶6]   In January 2016, Charles Fettig filed suit seeking to quiet title to section 5. The complaint named Anton, Anton as conservator for A.J.F. and S.F.F.,[2] and Howard, Morgen, and Gabriel Fettig as defendants. Anton died on January 23, 2016. Charles and Anton as conservator for A.J.F. and S.F.F. each filed motions for summary judgment. In November 2016, the district court ordered summary judgment in favor of Charles. The court concluded that the 2001 deed conveying the land to A.J.F. and S.F.F. was void under N.D.C.C. §§ 9-02-02 and 14-10-10, and that Charles was the true and correct owner of section 5. None of the parties to this action appealed the court's judgment.

[¶7]   Because the district court ruled for Charles, Howard and Morgen filed separate suits seeking to quiet title to the sections previously conveyed to them (sections 17 and 22). These lawsuits named the estate of Anton L. Fettig, A.J.F., Gerald A. Cullen as conservator for S.F.F., Charles Fettig, Gabriel Fettig, and each other as defendants. A.J.F. answered and counterclaimed seeking quiet title to sections 17 and 22. Howard, Morgen, and A.J.F. each filed motions for summary judgment. On January 31, 2019, the district court ordered summary judgment in favor of Howard and Morgen. The district court concluded that the 2001 deed conveying the land to A.J.F. and S.F.F. was void under N.D.C.C. §§ 9-02-02 and 14-10-10, that Howard was the true and correct owner of section 17, and that Morgen was the true and correct owner of section 22. A.J.F. timely appealed the district court's orders.

---

[2] A conservatorship was created in 2009 on behalf of A.J.F. and S.F.F. Anton was appointed as the conservator for both children.

## II

[¶8] Our standard for reviewing summary judgments is well-established:

> Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

*Gerrity Bakken, LLC v. Oasis Petroleum N. Am., LLC*, 2018 ND 180, ¶ 8, 915 N.W.2d 677 (quoting *Arnegard v. Arnegard Twp.*, 2018 ND 80, ¶ 18, 908 N.W.2d 737).

## III

[¶9] Howard and Morgen contend that the 2001 deed conveying the land is void because A.J.F. and S.F.F. were minors at the time of conveyance and, therefore, could not enter into contracts relating to real property. A.J.F. argues that the conveyance was meant as a gift, and that contractual capacity was not needed for conveyance. In all three cases relating to the validity of the 2001 deed, the district court determined that the deed was void under N.D.C.C. §§ 9-02-02 and 14-10-10 because A.J.F. and S.F.F. were minors when the land was conveyed and lacked capacity to enter into contracts relating to real property. We cannot agree with Howard and

Morgen's argument or the district court's determination that the 2001 deed is void under N.D.C.C. §§ 9-02-02 and 14-10-10.

[¶10] Title to property of any kind may be transferred from one living person to another. *See* N.D.C.C. §§ 47-09-01, -02. Voluntary transfers are executed contracts, subject to all rules of law concerning contracts, except that consideration is not necessary for the transfer to be valid. N.D.C.C. § 47-09-03. "An estate in real property . . . can be transferred . . . by an instrument in writing, subscribed by the party disposing of the same . . . ." N.D.C.C. § 47-10-01. A deed is a writing sufficient to transfer an estate in real property. *See Mehus v. Thompson*, 266 N.W.2d 920, 925 (N.D. 1978). We have stated that deeds are contracts and are generally construed in the same manner as contracts. *Motter v. Traill Rural Water Dist.*, 2017 ND 267, ¶ 10, 903 N.W.2d 725; *Riverwood Commercial Park, LLC v. Standard Oil Co.*, 2011 ND 95, ¶ 7, 797 N.W.2d 770; *Radspinner v. Charlesworth*, 369 N.W.2d 109, 112 (N.D. 1985).

[¶11] Generally, "[a] contract requires parties capable of contracting, consent of the parties, a lawful object, and sufficient consideration." *Stout v. Fisher Indus., Inc.*, 1999 ND 218, ¶ 11, 603 N.W.2d 52; N.D.C.C. § 9-01-02. "[P]arties capable of contracting" refers to the contractual capacity of the parties. *See Galloway v. Galloway*, 281 N.W.2d 804, 805-06 (N.D. 1979). Whether a minor is capable of contracting (i.e., possesses contractual capacity) is provided for in N.D.C.C. ch. 9-02. Section 9-02-02, N.D.C.C., states: "Minors and persons of unsound mind have only such capacity as is specified in statutes relating to such persons." Under N.D.C.C. § 14-10-10, "a minor may make any contract other than contracts specified in section 14-10-09 in the same manner as an adult, subject only to the minor's power of disaffirmance." Section 14-10-09, N.D.C.C., provides: "A person under the age of eighteen may not make a contract relating to real property or any interest therein . . . ."

[¶12] However, when a voluntary transfer is intended as a gift, the rules of law concerning gifts, not contracts, applies. *See Bleick v. N.D. Dep't of Human Servs.*, 2015 ND 63, ¶ 19, 861 N.W.2d 138; *Doeden v. Stubstad*, 2008

ND 165, ¶ 12, 755 N.W.2d 859. A valid gift requires donative intent, actual or constructive delivery, and acceptance by the donee. *Kovarik v. Kovarik*, 2009 ND 82, ¶ 13, 765 N.W.2d 511; *In re Paulson's Estate*, 219 N.W.2d 132, 134 (N.D. 1974); *In re Kaspari's Estate*, 71 N.W.2d 558, 567 (N.D. 1955); *Ramsdell v. Warner*, 48 N.D. 96, 183 N.W. 281, 283 (1921). These requirements apply to gifts of both real and personal property. *See Lindvig v. Lindvig*, 385 N.W.2d 466, 469 (N.D. 1986) (citing *Hagerott v. Davis*, 73 N.D. 532, 551, 17 N.W.2d 15, 25 (1944)); *Paulson's Estate*, at 135.

[¶13] Consistent with our previous holdings and general principles of law, we hold here that a donative transfer of real property, intended as a gift, between a parent and child need not comport with all rules of law concerning contracts. *See* 67A C.J.S. *Parent and Child* §§ 306-318 (2019); Restatement (Third) of Property §§ 6.1, 6.3, 8.2 cmt. e (2003). Rather, such a transfer must be consistent with the rules of law concerning gifts and transfers of real property as provided in N.D.C.C. § 47-10-01. Therefore, a gift of real property to a minor does not fall within the purview of N.D.C.C. §§ 14-10-09, -10.

[¶14] Because real property may be gifted to a minor, the district court erred in concluding that the 2001 deed was void.

IV

[¶15] However, Howard and Morgen also argue that A.J.F.'s counterclaim seeking to quiet title is barred by the doctrine of res judicata because of the 2016 action initiated by Charles involving section 5, in which the validity of the 2001 deed was disputed and determined by the district court to be void.

> Res judicata "is a term often used to describe such doctrines as merger, bar, and collateral estoppel, or the more modern terms of claim preclusion and issue preclusion." These doctrines promote efficiency for both the judiciary and litigants by requiring that disputes be finally resolved and ended. But the doctrines are not "to be applied so rigidly as to defeat the ends of justice . . . ."

5

*Hofsommer v. Hofsommer Excavating, Inc.*, 488 N.W.2d 380, 383 (N.D. 1992) (citations omitted). "The applicability of res judicata or collateral estoppel is a question of law, fully reviewable on appeal." *Ungar v. N.D. State Univ.*, 2006 ND 185, ¶ 10, 721 N.W.2d 16 (citing *Hofsommer*, at 383).

[¶16] We have explained the application of res judicata and collateral estoppel, noting the distinctions between the similar doctrines:

> "Although collateral estoppel is a branch of the broader law of res judicata, the doctrines are not the same." Res judicata, or claim preclusion, prevents relitigation of claims that were raised, or could have been raised, in prior actions between the same parties or their privies. Thus, res judicata means a valid, existing final judgment from a court of competent jurisdiction is conclusive with regard to claims raised, or those that could have been raised and determined, as to [the] parties and their privies in all other actions. Res judicata applies even if subsequent claims are based upon a different legal theory. Collateral estoppel, or issue preclusion, forecloses relitigation of issues of either fact or law in a second action based on a different claim, which were necessarily litigated, or by logical and necessary implication must have been litigated, and decided in the prior action.

*Riverwood Commercial Park, L.L.C. v. Standard Oil Co.*, 2007 ND 36, ¶ 13, 729 N.W.2d 101 (quoting *Ungar*, 2006 ND 185, ¶¶ 10-11, 721 N.W.2d 16). The primary differences between res judicata claim preclusion and collateral estoppel issue preclusion can be summarized as follows:

> The basic difference between claim preclusion and issue preclusion is simply put: claim preclusion applies to whole claims, whether litigated or not, whereas issue preclusion applies to particular issues that have been contested and resolved. Claim preclusion is broader in scope than issue preclusion as to the claims that come within its purview, but narrower in scope as to the parties to whom the doctrine can be applied. While claim preclusion and issue preclusion advance the same basic principle—the need for finality in judicial proceedings—they do so in substantially different ways. Claim

preclusion prevents parties and those in privity with them from raising legal theories, claims for relief, or defenses which could have been raised in the prior litigation, even though such claims were never actually litigated in the prior case. Issue preclusion, on the other hand, precludes litigation of issues actually litigated and necessary to the outcome of the prior case, even if such issues are subsequently presented as part of a different "claim."

*Id.* at ¶ 14 (quoting 18 James W. Moore, Federal Practice § 131.13[1] (3d ed. 2006)).

[¶17] We discuss the application of both res judicata claim preclusion and collateral estoppel issue preclusion below and conclude that A.J.F.'s claim is barred by the doctrine of collateral estoppel issue preclusion.

A

[¶18] Under res judicata claim preclusion, "it is inappropriate to reargue issues that were tried or could have been tried in earlier actions." *Martin v. Marquee Pac., LLC*, 2018 ND 28, ¶ 18, 906 N.W.2d 65 (citing *Kulczyk v. Tioga Ready Mix Co.*, 2017 ND 218, ¶ 10, 902 N.W.2d 485).

[A] judgment on the merits in the first action between the same parties constitutes a bar to the subsequent action based upon the same claim or claims or cause of action, not only as to matters in issue but as to all matters essentially connected with the subject of the action which might have been litigated in the first action.

*Perdue v. Knudson*, 179 N.W.2d 416, 422 (N.D. 1970). Generally, a judgment adjudicating rights or title to property only bars claims relating to the particular property in controversy and does not extend to rights, title, or interests in other property. 50 C.J.S. *Judgments* §§ 1089, 1189 (2019); *see Fawcett v. Rhyne*, 63 S.W.2d 349, 354 (Ark. 1933); *Martin v. Bobo*, 292 S.W.3d 865, 870 (Ark. Ct. App. 2009); *Farrell v. Brown*, 729 P.2d 1090, 1094 (Idaho Ct. App. 1986); *Ollison v. Vill. of Climax Springs*, 916 S.W.2d 198, 201 (Mo. 1996); *Sleeper v. Hoban Family P'ship*, 955 A.2d 879, 883-85 (N.H. 2008); *Girard Tr. Co. v. McGeorge*, 15 A.2d 206, 206, 212 (N.J. Ch. 1940);

7

*Penrose v. Absecon Land Co.*, 120 A. 207, 208 (N.J. 1923); *City of Green v. Clair*, 2015-Ohio-662, at ¶¶ 20-21; *Bonnieville Towers Condo. Owners Ass'n, Inc. v. Andrews*, 2008-Ohio-1833, at ¶ 19; *Lawrence v. Ayres*, 242 P.2d 142, 146 (Okla. 1952) (overruled on other grounds by *Gardner v. Jones*, 309 P.2d 731 (Okla 1956)); *Karlberg v. Otten*, 280 P.3d 1123, 1131 (Wash. Ct. App. 2012); *see also State by Price v. Magoon*, 858 P.2d 712, 725 (Haw. 1993); *Hangman v. Bruening*, 530 N.W.2d 247, 249 (Neb. 1995); *Valdez v. Smith*, 32 P.2d 1022, 1022-23 (N.M. 1934); 50 C.J.S. *Judgments* § 985 (2019). Therefore, quiet title actions for different parcels of property are separate and distinct claims under res judicata claim preclusion.

[¶19] The 2001 deed involved three different parcels of property: section 5, section 17, and section 22. Charles Fettig sought quiet title to section 5 in 2016, and A.J.F. counterclaimed seeking quiet title to the same parcel. In 2018, Howard and Morgen Fettig filed suit seeking quiet title to sections 17 and 22, respectively. A.J.F. counterclaimed seeking quiet title to these parcels. Charles', Howard's, Morgen's, and A.J.F.'s actions are each a separate "claim" under res judicata claim preclusion because each involves a different parcel of property. A.J.F.'s counterclaim is not barred by res judicata claim preclusion because it is a separate claim under the meaning of the doctrine.

[¶20] We need not address whether res judicata applies if a defendant in the first action is designated as a plaintiff in the second action or vice versa. We also need not address whether Howard and Morgen were in privity with Charles. Because this action involves a separate claim than the first, neither of these questions are necessary to our decision.

B

[¶21] "Historically, collateral estoppel was limited by the principle of mutuality, which means that 'a judgment can operate as collateral estoppel only where all the parties to the proceeding in which the judgment is relied upon were bound by the judgment.'" *Hofsommer*, 488 N.W.2d at 384 (quoting E.H. Schopler, Annotation, *Comment Note.—Mutuality of Estoppel as Prerequisite of Availability of Doctrine of Collateral Estoppel to a*

*Stranger to the Judgment*, 31 A.L.R.3d 1044, § 1(b) at 1048 (1970)). "Although the principal of mutuality has been abandoned in numerous jurisdictions, this court has applied the mutuality rule as a prerequisite to the application of collateral estoppel." *Id.* (internal citation omitted) (citing *Armstrong v. Miller*, 200 N.W.2d 282, 286-88 (N.D. 1972)). "For all practical purposes, the mutuality rule is coextensive with the requirement that the plea of res judicata is available only to a party to the judgment and his privies." *Id.* (citing *Armstrong*, at 287).

> Four tests must be met before collateral estoppel will bar relitigation of a fact or issue involved in an earlier lawsuit: (1) Was the issue decided in the prior adjudication identical to the one presented in the action in question?; (2) Was there a final judgment on the merits?; (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?; and (4) Was the party against whom the plea is asserted given a fair opportunity to be heard on the issue?

*Silbernagel v. Silbernagel*, 2011 ND 140, ¶ 18, 800 N.W.2d 320 (quoting *Hofsommer*, at 384).

[¶22] The issue decided by the district court in both the 2016 case initiated by Charles and the present cases initiated by Howard and Morgen was the validity of the 2001 deed. In both the first and second actions, the plaintiff argued that the 2001 deed was void, and A.J.F. argued that the deed conveyed a valid gift of real property. Identical arguments were made by all parties involved in each of the three cases at issue. Additionally, the district courts' judgments concluded the 2001 deed was void based on the same legal principals. The issue decided in the prior adjudication is identical to the one presented in the action in question—the validity of the 2001 deed.

[¶23] The second test for collateral estoppel issue preclusion is also satisfied. The district courts' judgments in each case stemmed from cross-motions for summary judgment. It is indisputable that the judgment entered by the court in each case determined the validity of the 2001 deed and was decided on the merits.

9

[¶24] A.J.F., the party against whom the plea is asserted, was a party to the prior adjudication and was provided a fair opportunity to be heard on the issue. A.J.F. was represented by counsel in the first dispute with Charles involving section 5. A.J.F. fully litigated the dispute by counterclaiming and arguing for the validity of the 2001 deed. The judgment finding the 2001 deed void certainly put A.J.F. and his attorney on notice that there could be similar implications for the other two sections of land that were conveyed through the deed. We have previously held that collateral estoppel issue preclusion acts to bar attacks on unappealed judgments. *See Ungar*, 2006 ND 185, ¶¶ 5-7, 16-19, 721 N.W.2d 16. A.J.F. is seeking to attack the unappealed judgment issued in the previous case involving section 5 by relitigating the same issues in the present case involving sections 17 and 22. Under the doctrine of collateral estoppel issue preclusion, A.J.F. is barred from doing so. The validity of the 2001 deed was actually litigated and necessary to the outcome of the prior case.

[¶25] For these reasons we hold that all four tests of collateral estoppel issue preclusion are satisfied. The doctrine of collateral estoppel issue preclusion bars A.J.F.'s counterclaim seeking quiet title to sections 17 and 22 because the validity of the 2001 deed was litigated in the 2016 case involving section 5.

V

[¶26] The district court's judgments are affirmed.

[¶27] Gerald W. VandeWalle, C.J.
Jon J. Jensen
Lisa Fair McEvers
Jerod E. Tufte

I concur in the result.
Daniel J. Crothers